### SUSANNAH WILLCUT vs. CHARLES CALNAN.

The first eight articles of a will contained specific devises of real estate; and all used words of inheritance appropriate to pass a fee, except the sixth, in which the testator devised some land and a tomb, tombs being included also in the devises in four of the other articles. The ninth and last article gave "all the residue of the estate," including a tomb, to his widow, using no words of inheritance. *Held*, under the Gen. Sts. c. 92, § 5, that the devise in the sixth article conveyed a fee.

WRIT OF ENTRY by the widow of Joseph Willcut for possession of a house and land in South Boston.

In the superior court the facts were agreed, and it appeared that the demandant claimed title as residuary devisee under the ninth article of the will of her husband, who died in 1844, seised of the demanded premises; and that the tenant claimed under a subsequent conveyance in fee simple from Joseph Willcut, who died before this writ was brought, and who was the devisee of the demanded premises named in the sixth article of the will, which was as follows:

" Article 6. I give, bequeath and devise to my son Joseph Willcut my house and the land on which it stands in South Boston, on the south side of Silver Street, being the one next to the street; also one of my tombs on Copp's Hill, and five hundred dollars in money."

It further appeared that the will was made in February 1843, and contained in all nine articles; the first five and the seventh and eighth of which contained specific devises of real estate to children and the widow of the testator, with words of inheritance appropriate to pass a fee, and in these devises were included, in the second article, the testator's " tomb No. 28 on Boston Neck;" in the fourth article, his " tomb No. 50 on Boston Neck;" in the fifth article, one half of his " tomb under the church in South Boston;" and in the seventh article, one of his " tombs on Copp's Hill."

In the ninth article, as in the sixth, words of inheritance were not used, the testator therein " giving, bequeathing and devising all the rest and residue of my estate, of whatever name or nature,

to my said wife Susannah;" and, under that clause also, one or more tombs appeared to be included, there being a provision that the residuary devisee should permit the testator's "tomb No. 1 on Boston Neck to be used at all times hereafter as a family tomb."

Judgment being ordered for the tenant, the demandant appealed.

*D. Thaxter,* for the demandant.

*H. W. Paine,* for the tenant.

WELLS, J. By Gen. Sts. c. 92, § 5, the devise of the house and land to Joseph Willcut, in the sixth clause of the will, must "be construed to convey all the estate of the devisor therein which he could lawfully devise, unless it clearly appears by the will that the devisor intended to convey a less estate." Nothing in the will indicates the existence of any reason for making a distinction between Joseph and the other children of the testator · nor is there any indication of a purpose so to do, unless it be in the fact that in the five clauses preceding and two clauses succeeding the sixth, words of inheritance are used, while they are omitted in the sixth clause. This marked difference in the phraseology is relied on as showing that the testator intended to give to Joseph a life interest only. But, if that were his purpose, it is difficult to understand why he did not express it explicitly by limiting the estate for the life of the devisee. If he supposed that the mere omission of words of inheritance would reduce the estate to a life interest, it is equally difficult to understand why he omitted such words of inheritance in the ninth clause giving the residue of his estate to his wife, by which she now claims that the remainder in fee was devised to her.

Upon the whole, we are of opinion that it does not "clearly appear from the will" that the devisor intended to convey a life estate only to Joseph Willcut. This conclusion is strengthened by the improbability that the testator could have intended to limit the interest in the tomb, given by this same clause, to the period of the life of the devisee. The devise therefore must be held to have conveyed the fee, so that no interest passed to the demandant by the residuary clause; and the judgment of the superior court in favor of the tenant must be affirmed.