ELIZABETH E. SPOONER *vs.* JOSEPH LOVEJOY & another.

A residuary devise and bequest to the testator's wife, "to her own use, and to be disposed of at her decease according to the terms of any will that she may leave," vests the whole of the residue in her absolutely; and a subsequent clause, that "she is of course to charge herself with the education and support of our daughters, so long as they shall remain unmarried," raises no trust or charge upon the property.

BILL IN EQUITY by a vendor to enforce performance of a contract of Joseph Lovejoy and James C. Elms with her for the purchase of real estate in Boston, of which she claimed to be seised in fee simple under a devise in the will of Daniel N. Spooner, her deceased husband, the first three sections of whose will provided for the payment of his debts and gave certain legacies to his sisters, and the fourth section was as follows :

" I give, bequeath and devise all the rest, residue and remainder of my property and estate, whether real, personal or mixed, to my beloved wife, Elizabeth Elliot Spooner, principal and income, to her own use, and to be disposed of at her decease according to the terms of any will or testamentary document that she may leave. She is of course to charge herself with the education and support of our daughters, Elizabeth, Ellen and Mary, so long as they shall remain unmarried."

The sole ground set up in the answer, to justify the defendants' refusal to perform the contract, was that the plaintiff took under the will only a life estate, incumbered with trusts and charges for the support and education of the testator's daughters.

The case was reserved by *Wells,* J., for the determination of the full court, on the bill and answer, and facts agreed as follows : " That the will was drawn by the testator himself, without legal assistance or advice, in his last illness ; that it was his well known and unquestionable wish and intention to give his entire worldly property, save the legacies mentioned in the will, to his

wife, the plaintiff, to her own sole use in fee simple, free from any manner of incumbrance, trust or charge whatsoever, and to leave wholly to her discretion and maternal affection the making of any provision for the education and maintenance of each and all of his children, equally before or after the marriage of them and any of them, and before or after the death of his said widow; that she has assumed and is discharging in the most tender, liberal and unexceptionable manner the charge of educating and maintaining the children, all of whom named in the will are still living, and has abundant financial means of doing so; " that at the time of making the will, and ever since, the personal property of 'the testator amounted to not less than $250,000 ; and that the whole residue of the estate, after payment of debts and legacies, has been paid over by the executor to the widow absolutely.

If the court should decide that the plaintiff took a fee simple, free from any incumbrance created by the will, a decree was to be entered for the plaintiff; otherwise for the defendants, and, in either event, costs against the losing party were waived.

*J. T. Morse, Jr.*, for the plaintiff. 1. By the words "to her own use" an estate in fee passed, which was not reduced to a life estate by the words following, which purport to give a power of disposition by will. 1 Jarman on Wills (3d ed.) 444, 445 ; 2 Ib. 252. *Mütter's estate*, 38 Penn. State, 314. *Langham* v. *Sandford*, 19 Ves. 649. *Shipperdson* v. *Tower*, 1 Y. & Col. Ch. 459. *Briggs* v. *Penny*, 3 De G. & S. 539. *Jackson* v. *Forbes*, Tamlyn, 88. *Brocklebank* v. *Johnson*, 20 Beav. 205. *Doe* v. *Stenlake*, 12 East, 515. *Pearson* v. *Otway*, 2 Wils. 7. *Gifford* v. *Choate*, 100 Mass. 343. *Doe* v. *Thomas*, 3 Ad. & El. 123 ; *S C.* 4 Nev. & Man. 696. 1 Redfield on Wills (3d ed.) 448, 449.

2. The second paragraph of the fourth section of the will, relating to the support and education of the daughters, created no charge on the real estate in question. 1 Jarman on Wills, 363 ; 2 Ib. 248. 1 Redfield on Wills, 423 ; 2 Ib. 422. 2 Story Eq. § 1069. *Sale* v. *Moore*, 1 Sim. 534. *Wright* v. *Atkyns*, 1 Ves. & B. 315. *Meredith* v. *Heneage*, 1 Sim. 542 ; 10 Price, 306. *Knight* v. *Knight*, 3 Beav. 148. *Van Duyne* v. *Van Duyne*, 1

McCarter, 397. *In re Pennock's estate*, 20 Penn. State, 268.
*Ellis* v. *Ellis*, 15 Alab. 296. *Gilbert* v. *Chapin*, 19 Conn. 342.
*Harper* v. *Phelps*, 21 Conn. 257. *Smith* v. *Bell*, 6 Pet. 68.
*Brown* v. *Casamajor*, 4 Ves. 498. *Hammond* v. *Neame*, 1
Swanst. 35. *Benson* v. *Whittam*, 5 Sim. 22. *Thorp* v. *Owen*, 2
Hare, 607. *Hoy* v. *Master*, 6 Sim. 568. *Bardswell* v. *Bards-
well*, 9 Sim. 319. *Wood* v. *Cox*, 1 Keen, 317. *Winch* v. *Brutton*,
14 Sim. 379. *Williams* v. *Williams*, 1 Sim. (N. S.) 358. *Webb*
v. *Wools*, 2 Ib. 267. *Warner* v. *Bates*, 98 Mass. 274. *Van
Amee* v. *Jackson*, 35 Verm. 173. *Adams* v. *Brackett*, 5 Met.
280. *Collier's case*, 6 Co. 16. *Doe* v. *Holmes*, 8 T. R. 1.
*Moore* v. *Denn*, 2 B. & P. 247. *Doe* v. *Snelling*, 5 East, 87.

*D. E. Ware*, for the defendants. 1. The fourth section be-
queaths both personal property and real estate; and so, not
being a mere " devise of land," is not within the provision of
the Gen. Sts. *c.* 92, § 5. Thus the words " to her own use "
must be held as giving merely a life estate. *Fay* v. *Fay*, 1 Cush.
93.

If the first clause of the section be taken as giving a fee, the
following clause, " to be disposed of at her decease," &c., is sur-
plusage.

2. The second paragraph of the section creates a trust estate
for the education and support of the daughters. *Warner* v. *Bates*,
98 Mass. 274. *Whipple* v. *Adams*, 1 Met. 445. *Homer* v. *Shel-
ton*, 2 Met. 194. *Harrison* v. *Harrison*, 2 Grat. 1. 2 Story Eq.
(10th ed.) §§ 1068, 1068 *a.* 2 Washb. Real Prop. 194. Tiffany
& Bullard on Trusts, 224. *Malim* v. *Keighley*, 2 Ves. Jr. 333.
*Foley* v. *Parry*, 5 Sim. 138. *Briggs* v. *Penny*, 3 Macn. & Gord.
546. *Knight* v. *Boughton*, 11 Cl. & Fin. 551. Adams Eq. 30, 31.
Hill on Trustees, 71, 239. *Conkey* v. *Everett*, 11 Gray, 95. *Tol-
son* v. *Tolson*, 10 Gill & Johns. 159. *McKonkey's appeal*, 13
Penn. State, 253. *Gully* v. *Cregoe*, 24 Beav. 185. *Shovelton* v.
*Shovelton*, 32 Beav. 143. *Bonser* v. *Kinnear*, 2 Giff. 195. *Ware*
v. *Mallard*, 16 Jur. 492. *Raikes* v. *Ward*, 1 Hare, 445. *Woods* v.
*Woods*, 1 Myl. & Cr. 401. *Smith* v. *Smith*, 2 Jur. (N. S.) 967.

If not a trust estate, it is an absolute estate subject to a
charge for the daughters' education and support so long as they

shall remain unmarried. *Miles* v. *Leigh*, 1 Atk. 573. 2 Eq. Cas. Ab. 497. *Webb* v. *Webb*, Barnard. Ch. 86. *Elliot* v. *Hancock*, 2 Vern. 143. *Alcock* v. *Sparhawk*, Ib. 228. *Henvell* v. *Whitaker*, 3 Russ. 343. *Mirehouse* v. *Scaife*, 2 Myl. & Cr. 695. *Harris* v. *Fly*, 7 Paige, 421. 2 Story Eq. §§ 1246, 1247. 2 Jarman on Wills, 571, 576. *Sands* v. *Champlin*, 1 Story, 376. *Adams* v. *Brackett*, 5 Met. 280. *Bench* v. *Biles*, 4 Madd. 187. *Hassanclever* v. *Tucker*, 2 Binn. 525. *Gardner* v. *Gardner*, 3 Mason, 178. *Morancy* v. *Quarles*, 1 McLean, 195. *Crawford* v. *Severson*, 5 Gill, 443. *Clyde* v. *Simpson*, 4 Ohio State, 445. *Birdsall* v. *Hewlett*, 1 Paige, 32. 1 Washb. Real Prop. 445, 446, 449, 450. *Wright* v. *Wilkin*, 9 Jur. (N. S.) 715. *Stanley* v. *Colt*, 5 Wallace, 165. *Lewis* v. *Darling*, 16 How. 1.

AMES, J. The general terms of this bequest import an absolute gift of all the residue of the property, real, personal and mixed, principal and income, to the widow, to her own use, and to be disposed of at her decease according to the terms of her last will. These words were sufficient, if they stood alone, to vest the whole of the residue in her absolutely. *Brown* v. *Wood*, 17 Mass. 68. *Godfrey* v. *Humphrey*, 18 Pick. 537. The provision, that she might dispose of the property by her last will, would not reduce her estate under the general bequest to a mere life estate. *Herbert* v. *Thomas*, 3 Ad. & El. 123. *Willcut* v. *Calnan*, 98 Mass. 75.

The only doubt as to the proper construction arises from the clause immediately following the bequest and devise to her, viz : " She is of course to charge herself with the education and support of our daughters, so long as they remain unmarried." It is true that words of entreaty, recommendation, desire, request or confidence, addressed by a testator to a devisee or legatee, may make him a trustee for the person or persons in whose favor such expressions are used, provided the testator has pointed out with clearness and certainty the objects of the trust, and the subject matter to which it is to attach, or from which it is to arise and be administered. *Warner* v. *Bates*, 98 Mass. 274. But in the application of this rule in particular cases there is some apparent conflict. It must of course in all cases be a question of intention.

The first and great rule in the exposition of wills, to which all other rules must bend, is that the intention of the testator shall prevail, provided it be consistent with the rules of law. " It is the polar star to guide us in the construction of wills." Marshall, C. J., in *Smith* v. *Bell*, 6 Pet. 75, 84.

But without undertaking to express any opinion as to the limits within which the rule as to precatory words ought to be confined, we are of the opinion that the words of the testator are not in this instance to be considered as imperative. They furnish a clear intimation of his wishes, as to which she was to be considered under a moral instead of a legal obligation. We find no case in which it has been held that the words " the legatee is of course to charge herself with certain expenses of education and support " are of themselves sufficient to create an implied trust. On the contrary, it has been held that words of expectation merely, not amounting to a recommendation, will not create a trust; *Lechmere* v. *Lavie*, 2 Myl. & K. 197 ; particularly where the expectation was merely that the devisee would act under the promptings of natural affection. The language of the will was in that case, in substance : If the devisees die single, they will of course leave what they have to their brothers and sisters or their children. These words were held too vague to raise a trust. The gift to this widow is absolutely for her own use and benefit ; the supposed trust would require but a small part of the whole fund so long as the daughters remained under her charge. It does not purport to look to any mere remote point of time. It was one which hardly needed to be enforced by peremptory language, as it only required a duty which the mother must be supposed ready and willing to assume. We think that the interpretation of that clause is the same as if the testator had said, " I know that my wife will be both able and willing to make proper provision for the education and support of my children, and I therefore leave the whole of my property to her." It was an expression of confidence undoubtedly, but not in the sense in which that word is used in the creation of a trust. On the contrary, it seems rather to furnish a sufficient reason for not creating a formal trust. It was a confidence in her maternal affection, in her lib-

erality, discretion and good judgment. The testator says nothing as to what shall be done with the property after the marriage of the daughters; he does not make any provision that any part of it shall go to them or their heirs after her decease, but on the contrary leaves its unrestricted disposition to her; and he gives no directions as to what kind of education and support they are to receive from her so long as they remain unmarried.

It appears to us, therefore, that the case comes within that class of decisions in which it is held that no trust is implied where the words are too vague to raise a trust or to be equivalent to a testamentary disposition, or where the words simply state the motive leading to the gift; as to enable the devisee to maintain the children; *Benson* v. *Whittam*, 5 Sim. 22; or where an absolute gift is made, and the motive stated that she may support herself and the children; *Thorp* v. *Owen*, 2 Hare, 607; or where a gift is made absolutely for her own use and benefit, "having full confidence in her sufficient and judicious provision for the children." *Fox* v. *Fox*, 27 Beav. 301. The testator manifestly did not undertake to make any permanent provision for his daughters himself, but to intrust that whole subject to the kindness, affection, good faith and reasonable discretion of their mother. The case is hardly as strong as that of *Pennock's estate*, cited at the argument from 20 Penn. State, 268, in which it was decided, upon a bequest of all the testator's personal estate to his widow absolutely, " having full confidence that she will leave the surplus to be divided justly among my children," that she took the property absolutely, and subject to no trust.

For these reasons, we direct that there be a

*Decree for the plaintiff, without costs.*