## AUGUSTUS L. DAVIS & others *vs.* SUSAN MAILEY.

Essex.    March 19. — April 6, 1883.

A testator gave to his wife all his real and personal estate " to her sole use, benefit and disposal; " and provided that " whatever may be left of my estate, if any, she may by will or otherwise give to those of my heirs that she may think best, she knowing my mind upon that subject. I am willing to leave the matter entirely with her, feeling satisfied that she will do as I have requested her to in the matter." *Held,* that the wife took all the estate which the testator could devise, with the absolute right of disposing of it as she saw fit.

PETITION for partition of certain land in Lynn. The case was submitted to the Superior Court, and, after judgment for the respondent, to this court on appeal, upon agreed facts, in substance as follows :

The petitioners and the respondent are the heirs at law and next of kin of Joseph Davis, who died on June 3, 1871, seised of the premises described in the petition, and leaving a will, which was duly admitted to probate, and which provided as follows: "I give and devise to my wife, Emily Davis, all my estate, real, personal or mixed, that I may own at my decease, wheresoever the same may be found or whatever the same may consist of, to her sole use, benefit and disposal, hereby authorizing and empowering her to execute and deliver all deeds and conveyances that may be necessary to perfect the title to any part or the whole of my estate which she my said wife may sell; and whatever may be left of my estate, if any, she may by will or otherwise give to those of my heirs that she may think best, she knowing my mind upon that subject. I am willing to leave the matter entirely with her, feeling satisfied that she will do as I have requested her to in the matter." The testator left no children or issue, but left a widow (who was the person named in the will), who died on October 19, 1879, leaving a will, which was duly admitted to probate, and by which she devised to her brother, John Mailey, and his wife Susan, the respondent, the premises in question for life, and, after the decease of both of them, to the heirs of John Mailey. The children of the respondent were also the children of John Mailey. Mrs. Davis never made any deed or other conveyance of the estate in question.

If, upon these facts, the petitioners were entitled to partition, judgment was to be entered accordingly; otherwise, the petition to be dismissed.

*C. P. Thompson & W. H. Niles,* (*G. J. Carr* with them,) for the petitioners.

*S. B. Ives, Jr. & G. B. Ives,* for the respondent.

FIELD, J. The construction we give to the will of Joseph Davis is that Emily Davis took all the estate in real property, which the testator could lawfully devise, for "her sole use, benefit and disposal;" and that the expression of a desire on the part of the testator that "whatever may be left of my estate, if any, she may by will or otherwise give to those of my heirs that she may think best, she knowing my mind upon that subject," is not to be considered as imperative. The words, "I am willing to leave the matter entirely with her, feeling satisfied that she will do as I have requested her to in the matter," taken in connection with the preceding provisions and the fact that the particular heirs are not designated by the testator, but are left to be determined as Emily Davis may think best, indicate that the testator intended to leave the disposition of the entire property devised to the devisee, unfettered by any legal obligation on her part to dispose of it to any particular persons or in any particular way. This construction renders it unnecessary to determine whether, if the recommendation were intended to bind the devisee, it would not be repugnant to the devise or void for uncertainty. Gen. Sts. *c.* 92, § 5. *Gleason* v. *Fayerweather,* 4 Gray, 348. *Bacon* v. *Woodward,* 12 Gray, 376. *Spooner* v. *Lovejoy,* 108 Mass. 529. *Gifford* v. *Choate,* 100 Mass. 343. *Hess* v. *Singler,* 114 Mass. 56. *Petition dismissed.*