## MARY W. FALES *vs.* SARAH A. FALES.

Bristol.    October 23, 1888. — November 28, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Partition — Tenants in Common — Evidence — Will.*

On a petition for partition of land formerly belonging to deceased tenants in common, the declarations of one tenant tending to show ownership in common, and made subsequent to the execution to him by his cotenant of a deed of his undivided interest, the delivery of which was denied, are competent against those claiming under him on the questions as to whether there was a delivery of the deed, and whether there was a reconveyance by a lost grant.

Under the Pub. Sts. c. 178, §§ 11, 15, a person not named in a petition for partition of land, to entitle himself to appear and answer, after a trial upon the merits

and the verdict of a jury, must first show that he has some estate or interest in the land.

A testator by his will gave his lands to his wife, "reserving the following bequests subject to the approbation or rejection of my wife, S. A. F., of each and all of the following articles," and by a later article provided that, "in case of the death of my wife, S. A. F., before my estate is settled, all that portion of my whole estate real and personal that would have been hers I bequeath and devise to my nieces." A petition for partition of the lands was brought against the wife, who in her answer claimed to be the absolute and sole owner. *Held,* that the nieces took no such interest under the will as to entitle them to object to the partition.

PETITION for partition of certain parcels of land in New Bedford. The answer alleged that the respondent was the absolute owner in fee simple of all such parcels.

At the trial in the Superior Court, before *Staples,* J., it appeared in evidence, that James Fales, Jr. and Giles S. Fales formerly owned in common the lands in question, and that, in July, 1858, James executed deeds purporting to convey his undivided interest therein to Giles S. The petitioner, who was the widow of James and claimed title through his heirs at law, denied that these deeds were ever delivered. The respondent, who was the widow of Giles S., claimed title under the deeds as the devisee under his will of all his real estate. The petitioner offered evidence of declarations of Giles S., made subsequent to the execution of these deeds by James, tending to show ownership in common by them of the lands in question, as well as evidence tending to raise the presumption of a reconveyance by Giles S. to James by a lost grant of such an undivided interest in the lands made subsequent to July, 1858.

The respondent asked the judge to rule that the evidence of what Giles S. said regarding ownership in common in the various parcels could bear only on the question of due delivery and execution of the deeds from James to Giles S. The judge refused so to rule, and submitted the case to the jury upon instructions not otherwise excepted to. The jury, to questions submitted to them by the judge, replied that the deeds were never in fact delivered, and found for the petitioner; and the respondent alleged exceptions.

After verdict, and before the award of interlocutory judgment for partition, a motion was filed by certain nieces of Giles S., alleging that, under the eleventh article of his will, they were

interested in the lands in question, that they were without the Commonwealth, and that they had not been notified of the proceedings for partition, and had had no opportunity to appear and answer to the petition; and praying that "the proceedings be continued from term to term until they have had time to appear and answer thereto." At the hearing on the motion no evidence was offered on behalf of the nieces, except a copy of the will of Giles S., containing the following provisions, which alone are material.

" Article 2d. I bequeath and devise to my wife, Sarah A. Fales, as a free gift, all and singular my household furniture, pictures, plate, and all indoor movables.

" Article 3d. I also bequeath and devise to my wife, Sarah A. Fales, all my real estate, mixed and singular, and all my personal property, mixed and singular, wherever it may be found and in whatever it may consist, reserving the following bequests subject to the approbation or rejection of my wife, Sarah A. Fales, of each and all of the following articles." (Here followed various bequests.)

" Article 7th. I also bequeath and devise to my nieces, Lenora Duffy (widow), Arcelia Hampton, Colina C. Kady, Augusta Louisa Vanderwater, and Harriet H. Parisen, daughters of Richard F. and Elizabeth S. Parisen (who was my sister), one sixteenth of all my real estate and personal property wherever it may be found, if not otherwise disposed of, to be equally divided between them, the aforesaid nieces." (Here followed other bequests of " property not otherwise disposed of.")

" Article 11th. In case of the death of my wife, Sarah A. Fales, before my estate is settled, all that portion of my whole estate real and personal that would have been hers I bequeath and devise to my nieces, . . . in the same manner as in Article 7th, with the following conditions: there shall be allowed her all moneys that she may have drawn on the account of her dower, and her funeral charges shall be paid from that portion that would have been hers."

The judge overruled the motion; and the nieces appealed to this court.

*B. F. Butler*, for the respondent and the nieces.

*T. M. Stetson & H. J. Fuller*, for the petitioner.

C. ALLEN, J. The ruling asked for by the respondent was properly refused. The question at issue was, whether James Fales was seised of an undivided interest in the lands in controversy at the time of his death. This depended, first, on whether he had delivered certain deeds to Giles S. Fales; and, secondly, whether, if such deeds had been so delivered, there had been a reconveyance, by a lost grant, to James. The respondent asked for a ruling that certain declarations by Giles tending to show an ownership in common could bear only on the question of due delivery of the deeds from James to Giles. But they were competent to be considered, also, on the question of a lost grant. *White* v. *Loring*, 24 Pick. 319. Besides, the question of the correctness of this ruling is now unimportant. The jury found that the deeds had never been delivered. If never delivered, there was no question of a reconveyance to be considered. The evidence was conceded to be competent upon the question of the delivery of the deeds, and the finding of the jury made that the only question of importance.

No reliance was placed, in the argument, upon the above objection; but it has been earnestly contended that the judge erred in overruling the motion of various persons not named in the petition as interested in the lands, that the proceedings be continued from term to term until they have had time to appear and answer thereto. They claimed to be interested under the eleventh article of the will of Giles S. Fales, which was produced; and they offered no other evidence in support of their claim and motion except the will itself. It is contended that they were not bound to produce any other evidence at that stage, but that the court ought to have allowed the motion, and to have permitted them to appear and plead their title, and to go to the jury on the question of the delivery of the deeds from James to Giles; but we do not think so. Before they could be entitled to be heard on the main questions at issue, it was proper that they should be held to show that they were interested in those questions. If they had no interest, there was no occasion to delay the proceedings in order to give them an opportunity to come in and try the case over again.

By the Pub. Sts. c. 178, § 11, it is provided that, "If in any stage of the proceedings it appears to the court that any person

interested, whether named in the petition or not, is out of the Commonwealth and has not had opportunity to appear and answer, the suit shall be continued from term to term until such person has had time to appear and answer thereto." And by Pub. Sts. c. 178, § 15, it is provided that, "If a person not named in the petition appears and pleads or answers, the petitioner may reply that such person has no estate or interest in the lands, and may pray judgment if he shall be admitted to object; . . . and if upon such replication it appears that the respondent has no estate or interest in the lands, the matter of his plea or objection to the partition shall be no further inquired of." In order to entitle them to appear and answer, it was necessary for them, in the first place, to make it appear that they had some estate or interest in the lands. It was said in *Lawless* v. *Reagan*, 128 Mass. 592, 594, " It would greatly obstruct and delay the proceedings of the probate courts if persons having no legal interest in the result, and no motive except that of affection and friendship for those who have a legal interest, could be permitted to appeal from the decree of that court." Similar reasons were applicable here, where the motion for delay was not made till after a trial upon the merits and a verdict of a jury. See also *Marks* v. *Sewall*, 120 Mass. 174; *Chandler* v. *Railroad Commissioners*, 141 Mass. 208.

It remains to inquire whether the mere production of the will showed that these persons had any interest in the lands; and it is apparent that it did not. It may be assumed that one who has a contingent remainder in land is entitled to defend against a petition for partition. Pub. Sts. c. 178, § 5. But it was not made to appear that these persons had a contingent remainder. The will is quite peculiar in its provisions. The motion asserts that these persons are interested under article eleventh of the will. That article provides that, " In case of the death of my wife, Sarah A. Fales, before my estate is settled, all that portion of my whole estate real and personal that would have been hers I bequeath and devise to my nieces," namely, the persons seeking to appear and be heard. But there was nothing to show that the estate remained unsettled. If settled, then the contingency mentioned had failed, and the interest of the nieces had failed. They did not make it appear that they were interested.

But the decision need not rest on so narrow a ground, because it is apparent, from a consideration of the whole will, that their interest under article eleventh was not even that of a contingent remainder. It was only a possibility of a contingent remainder, dependent on the approbation of the testator's widow. By article third of the will, the whole real estate is given to her, "reserving the following bequests subject to the approbation or rejection of my wife, Sarah A. Fales, of each and all of the following articles"; that is to say, each and all of the following articles are subject to her approbation or rejection. It is within her absolute decision whether any one of them shall take effect or not. She has it in her power to dispose of the whole estate by deed or will, without regard to them. All of the later articles are no more than the expression of a suggestion or wish, without imposing upon her a legal obligation, or giving to the persons named therein a legal right. As against her, they have no rights, any more than if it were a devise of land to her charged with the payment of legacies to individuals provided she should think it best to pay them, or with the payment of such sums as she should think proper. The estate is given to her; and no devise is given to others, except subject to her approbation or rejection. Her right depends on no contingency save her own pleasure. See *Bacon* v. *Woodward*, 12 Gray, 376, 381; *Spooner* v. *Lovejoy*, 108 Mass. 529; *Kimball* v. *Sullivan*, 113 Mass. 345; *Davis* v. *Mailey*, 134 Mass. 588.

The will does not point out how she is to manifest her approbation or rejection. But the manner is not now material. The provisions of article eleventh of the will give to the persons named therein no right or interest in the land, as against the respondent, Sarah A. Fales; and in her answer to the petition she claims to be the absolute and sole owner. The result is, that the exceptions are overruled, and the motion for leave to appear was properly overruled.　　　　*So ordered.*