Davis, J.
The counsel have elaborately argued several technical questions relating to the jurisdiction and procedure in the courts below. As to these matters it is sufficient to say that we are of the opinion that the circuit court had jurisdiction, not only of the subject matter but of all' necessary parties, and in sufficiently proper form, to determine all the issues in the case.
The circuit court found and adjudged that the title to the lands in controversy had been adjudicated in favor of the defendants in error, The Board of Trustees of the Ohio State University, by the circuit *106 court of the United States and the circuit court of the state of Illinois, although the decree of the former court had been appealed from and a proceeding in error had been instituted to review the decree of the latter court; and for that reason the court declined to pass “upon the .question as to what was the operation and effect of the deed of confirmation by Isabel Page, made on the fifth day of December, 1891, as shown by the record.” "Whether the court below was right or wrong in this conclusion is immaterial now; for the view which we take of the real controversy between the parties disposes of the whole case.
In Board of Trustees of Ohio State University v. Folsom et al., 56 Ohio St., 701, construing the same will which we are now considering, it was held by this court that the children of the testator’s brothers fake nothing under the provisions of the will; because the devise over to them is not made to depend upon the validity of the ratification of the devise and conveyance to the trustees of the university, but is defeated by the fact that it was made. Their rights were made determinable upon a condition which has happened; and therefore, whatever may be the state of the title to the property as between the trustees of the university and the children of the testator’s brothers as heirs of the testator’s daughter, it is clear that they cannot take as devisees under the will. There has been suggested to us no sufficient reason for receding from that position. It follows that if the deed of confirmation which was made by Isabel Page after her father’s death, was ineffectual to invest the trustees of the university with the title, and Isabel Page died seized of the property in question as an estate of inheritance, then the children of *107 the testator’s brothers are entitled as her heirs. It is, therefore, apparent that the material questions to be now determined are, First, Was the instrument which was executed by Isabel Page operative and effective to vest the estate in the Board of Trustees ■of the Ohio State University under the will? and, .Second, If the estate passed'to Isabel Page as intestate property of her father, then was it conveyed by the instrument which she executed, to the Board of Trustees of the Ohio State University? If either or both of these questions must be answered in the affirmative, the judgment of the circuit court must be upheld, regardless of the reasoning upon which it was founded.
The Revised Statutes of Ohio, section 5915, provide: “It any testator die, leaving issue of his "body, or an adopted child, living, or the legal representatives of either, and the will of such testator give, devise or bequeath the estate of such testator, or any part thereof, to any benevolent, religious, ■educational, or charitable purpose, * * * or to any person in trust for any of such purposes, * # * whether such trust appears on the face of the instrument * * * or not; such will as to such gift, •devise or bequest shall be invalid unless such will shall have been executed according to law, at least one year prior to the decease of such testator.” It is obvious that this statute does not make the act of giving, devising or bequeathing property an illegal act; for the same gift, devise or bequest which is declared to be invalid if the testator shall die within one year from the execution of his will, may become valid if the testator shall live one year or more after making the will. In other words, the devise or bequest may be valid or invalid according *108 to the lapse of time. It is therefore apparent that this statute is intended to operate merely as a limitation upon the testator’s power of disposition, for the protection of the heir against improvident wills or wills made under undue influence. Being such a limitation the statute is to be strictly construed. Theobald et al. v. Fugman et al., per Spear, J., 64 Ohio St., 473, 481; McGlade’s Appeal, 99 Pa. St., 339, 343; and being such a limitation and no contrary principle of right or of public policy being involved, the person for whose benefit it is made may waive or relinquish it. This statute declares invalid only gifts, devises and bequests directly to, or in trust for the purposes named. The will which we are now considering devises directly to the Board of Trustees of the Ohio State University, and recognizing the possibility that it might be defeated by his death within a year, the testator devises over to the children of his brothers; and later by a codicil, without revoking this direct devise to the Trustees of the University, he “authorized and empowered” his daughter, who was his only child and heir at law, “to ratify and confirm said devise and bequest” in case it should fail by reason of his death within a year, and “she is desired and requested” to do so, and he further declares that “in case she complies with this request the devises and bequests to the said children of George Folsom and Charles Folsom are hereby revolted.” She did comply with his request and the devises and bequests to the children of George Folsom and Charles Folsom were thereby revoked, as this court has heretofore decided and still so holds. There now being “no other disposition made of the property in the will,” Patton v. Patton, 39 Ohio St., 590, it descended immediately to the heir, if her act *109 of appointment, ratification or confirmation was ineffectual, and can there be any reasonable doubt that she might voluntarily relinquish the estate thus cast upon her or that she might waive the protection which the statute gave to her?
There was no trust in this will. The estate was not devised to Isabel to hold in trust for the trustees of the university nor in trust to convey to them. The remainder in the estate was not devised to her at all. The testator conferred upon her the naked power to appoint the remainder to the designated object. He imposed no conditions as to the manner of executing the power. He only asked that his wishes might be carried out. He did not attempt the futile project of compelling a conveyance to the devisees whom he had selected. The donee was merely “empowered” and he left it entirely optional with her whether she would carry out his purpose, his deliberate and stubborn purpose it seems. The context clearly shows that Isabel was at liberty to do as she might choose in regard to carrying out the testator’s wishes in regard to the devise to the trustees of the university. The mere use of-the precatory words “desire” and “request” will not be sufficient to create an enforceable trust or a power in the nature of a trust, when the context clearly shows that the testator’s intention was the contrary. “No authoritative case ever laid it down that there could be any other ground for deducing a trust or condition than the intention of the testator as shown by the will, taken as a whole, though no doubt in older cases that intention was sometimes inferred on insufficient grounds.” In re Williams (1897), 2 Ch. D., 28. It does not matter that a degree of confidence is reposed in the donee by the testator, for so long *110 as it appears that the execution of the power is not obligatory, and it is left entirely to the discretion of the donee, no trust arises. Meredith v. Heneage, 1 Sim., 543; Williams v. Williams, 1 Sim. N. S., 358;. Toms v. Owen, 52 Fed. Rep., 417; Spooner v. Lovejoy, 108 Mass., 529; Huskisson v. Bridge, 4 DeG. and Sm., 245; Eaton v. Watts, 4 Law Rep. Eq., 151.
It is manifest that this testator, who was himself' a competent lawyer, fully understood the scope and. effect of the statute; and it cannot be presumed that he would defeat the purpose which he so obviously had in mind by an attempt to create a trust. Indeed it is clear upon all considerations that he did not intend to create a trust and studiously endeavored, to avoid doing so. The authorities above cited and. the numerous authorities cited by the counsel for the • defendants in error, fully sustain the contention that. the will of Henry F. Page conferred upon his daughter the naked power to appoint the remainder of his estate to the Board of Trustees of the Ohio State’ University, in her discretion; and in our construction of section 5915, Revised' Statutes, that is not. prohibited by either the letter or the spirit of the-statute.
But it is argued that the testator could not empower his daughter to do that which he could not lawfully do himself. We have already called attention to the fact that the mere act of making a will for • a benevolent or charitable purpose is not unlawful, and that such act is only made invalid for the protection of the heir when it occurs within a year prior - to the decease of the testator, and counsel seem to. overlook the other fact that, in this instance, the. power to ratify and confirm necessarily implies a deed confirming and conveying the property to the; *111 appointee; for the donee of the power is authorized to appoint only after the devise and bequests to the trustees of the university ‘ ‘ shall fail or be held void for any cause. ’ ’ A will might not suffice because an appointment by will might fail in the same way; but she could sanction, carry out and make sure his desire by a conveyance; and it would seem that she could fully execute the power in no other way. Now can anybody doubt that the testator could have lawfully conveyed the property to the trustees of the university? If yea, then this argument falls to the ground; because this power was to be executed, and was executed, by a conveyance.
As we have already remarked the testator did not prescribe the mode in which the donee should execute the power. The form in which she should “ratify and confirm said devise and bequest,” as well as the execution of the power itself, was left to her discretion. It seems to have been deliberately and carefully drawn; and in view of the fact that the children of George Folsom and Charles Folsom do not take under the will, and of the fact that if the exercise of the power of appointment should for any reason fail in its purpose, the property would pass to the donee herself as intestate property, we have no trouble with the dual form of the instrument by which she executed the power. It may be construed as an execution of the power granted in the will or as an original conveyance or both, and it is operative to invest the Board of Trustees of the Ohio State University with a full and perfect title to the property therein described. But if by reason of mistake, accident or ignorance the power was defectively executed, it is within the power of the court in this case to make it effectual. “Whenever a man, having *112 power over an estate, whether of ownership or not, in discharge of his moral or natural obligations, shows an intention to execute such power, the court will operate upon the conscience of the heir or other person benefited by the default to make him perfect this intention.” Chapman v. Gibson, 3 Brown Ch., 229; Barr v. Hatch, 3 Ohio, 527; Bispham, Eq., secs. 193, 195.
There is an ultra-refinement of logic in the contention that Isabel Page could not make and deliver a deed of confirmation under the power conferred in the will and a deed of conveyance in the same instrument, delivered in the same instant of time. It would be unprofitable to discuss this point at length. Upon the death of the testator within twelve months from the date of the will the property devised and bequeathed to the' trustees of the university immediately vested in the children of his brothers, subject to be divested by appointment to the trustees by the donee of the power. Patton v. Patton, 39 Ohio St., 590; Trustees of University v. Folsom et al., 56 Ohio St., 701. Prom the death of the testator it was a future contingent estate in Isabel Page which might be made absolute by appointment to the object designated by the testator which would determine the interests of the children of the testator’s brothers, Board of Trustees, etc. v. Folsom, 56 Ohio St., 701, and by the failure of the appointment by reason of invalidity or for any other reason. This future contingent interest she might convey, Thompson’s Lessee v. Hoop, 6 Ohio St., 480, and if it became absolute thereafter the title' would relate back to the time of the conveyance.
The judgment of the circuit court is

Affirmed.

Spear, G. J./Shattck, Price and Crew, JJ., concur.