FREDERIC R. SWAN *vs.* GEORGE K. TAPLEY & others.

Hampden. September 23, 1913. — October 22, 1913.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DE COURCY, JJ.

*Husband and Wife. Partition. Practice, Civil,* Parties, Appeal.

A husband has no vested interest in real estate inherited by his wife as an heir at law, and accordingly is not a proper party to a petition for the partition of real estate which belonged to his wife's father who died intestate; and an appeal attempted to be taken by such husband from a decree ordering a partition and sale of such real estate must be dismissed, as he cannot be aggrieved by such decree.

PETITION, filed in the Probate Court on October 23, 1911, under R. L. c. 184, §§ 34–45, for the partition and sale of certain real estate in Springfield to be apportioned and distributed among the heirs at law of Diodate L. Swan, late of Springfield, one of whom was Leila W. Tapley, the wife of George K. Tapley.

The Probate Court made a decree confirming a report of commissioners and ordering a partition, a sale and a distribution in accordancet herewith. From this decree George K. Tapley appealed.

The case was submitted on briefs.

*A. L. Green* & *F. F. Bennett,* for the respondent George K. Tapley.

*J. G. Dunning,* for the petitioner.

SHELDON, J. The appellant had no real interest in the proceedings, and was not a proper party thereto. He was not aggrieved by the decree. *Potter* v. *Wheeler,* 13 Mass. 504, 506. His wife's undivided interest, as one of her father's heirs, in the property of which partition had been sought was her separate property, and he had no vested interest therein. *Harrington* v. *Harrington,* 13 Gray, 513. *Fales* v. *Fales,* 148 Mass. 42. *Flynn* v. *Flynn,* 171 Mass. 312. The decree dismissing the appeal must be affirmed.

*So ordered.*