A. FRANCIS HAYDEN, administrator *de bonis non* with the will annexed, *vs.* JAMES A. KEOWN.

Suffolk.    January 7, 1919. — February 27, 1919.

Present: RUGG, C. J., BRALEY, CROSBY, & PIERCE, JJ.

*Probate Court,* Appeal.

An appeal from a decree of the Probate Court appointing an administrator *de bonis non* with the will annexed of the estate of a testator was attempted to be taken by a person who described himself as "attorney for certain Wisconsin legatees," but the objections to the decree filed by this person did not purport to be made in behalf of such legatees. Thereafter this person filed a motion to amend his "claim of appeal" by "adding to the claim of appeal and to the objections" references to persons named as legatees and praying that they be allowed to join in the appeal. The motion was heard by a single justice of this court, who found that the persons named as legatees were parties to the original proceeding and were represented by another person as attorney, who did not appeal in their behalf from the decree of the Probate Court. The single justice denied the motion to amend on its merits and no report of the evidence was made. *Held,* that the finding of the single justice was final.

A person is not aggrieved by a decree of the Probate Court, so as to have a right of appeal under R. L. c. 162, § 9, merely because he had been the attorney concerning other matters for certain of the persons named as legatees, even if he was an unsecured creditor of such legatees.

One, who was the administrator with the will annexed of the estate of a certain testator and was removed as such administrator by a decree of the Probate Court, is not aggrieved by a subsequent decree of the same court appointing his successor as such administrator.

For the same reason it is right to deny a motion of such removed administrator to stay the proceedings for the appointment of his successor until his appeal from the decree of the Probate Court removing him can be determined.

By R. L. c. 162, § 10, a person appealing to the Supreme Judicial Court from a decree of the Probate Court is confined to the objections filed by him in accordance with the requirement of that section of the statute.

APPEAL from a decree of the Probate Court of Suffolk County appointing A. Francis Hayden administrator *de bonis non* with the will annexed of Anne Fagan, late of Boston, in place of James A. Keown, who had been removed as such administrator.

The motion "to amend the claim of appeal," which is described in the opinion, was heard by *Carroll,* J., who denied the motion and made an order that a final decree be entered dismissing the appeal in accordance with a previous order of the Supreme Judicial Court. The appellant appealed from the order.

The appellant filed a motion for a stay of proceedings, which was denied by *Carroll*, J., on May 28, 1918. On the same day the single justice made a final decree appointing A. Francis Hayden administrator with the will annexed of the estate of Anne Fagan not already administered and remanding the case to the Probate Court for further proceedings.

On the same day the appellant filed the following appeal: "Now comes James A. Keown, administrator in the above-entitled case and attorney for Kate White *et als.*, certain Wisconsin legatees, and appeals to the Supreme Judicial Court for the Commonwealth of Massachusetts from a final decree entered on May 24, 1918, dismissing the appeal of the administrator in the said estate."

*J. A. Keown, pro se.*

*W. F. Poole,* for the administrator *de bonis non.*

RUGG, C. J. The appellant, having been appointed administrator with the will annexed of the estate of Anne Fagan, was thereafter removed as such administrator by a decree of the Probate Court. It is stated in several of the papers printed in the record that he appealed from that decree, but nothing appears touching the disposition of that appeal. On March 18, 1918, and after the said removal, the appellee was appointed administrator with the will annexed of the estate of the testatrix not already administered. The appeal of the appellant from that decree is the matter presented on this record.

The material statements in the claim of appeal are that the appellant "is a former administrator with the will annexed, and attorney for certain Wisconsin legatees of Anne Fagan . . . that he is aggrieved by a decree of the Probate Court . . . whereby said court appeared to appoint A. Francis Hayden . . . administrator *de bonis non* with the will annexed." It is signed "James A. Keown *Pro se* and Attorney for Certain Wisconsin Legatees." The objections to the decree which were filed appear to be grounded on matters affecting the appellant alone and do not mention any claim by or harm to the interests of the legatees. The objections are signed by the appellant solely as "Administrator with the Will Annexed, Estate of Anne Fagan," and do not purport to be presented in behalf of the Wisconsin legatees. Thereafter, a motion was filed seeking to amend the "claim of appeal" by "adding to the claim of appeal and to the objections" reference to persons

named as legatees and praying that they be allowed to join in the appeal. It is doubtful whether as matter of law such amendment can be allowed. However that may be, there was a hearing before a single justice, who found that these persons named as legatees were parties to the original proceeding and "that William F. Poole, their attorney, did not appeal on their behalf from the decree of the Probate Court." The motion to amend was denied on its merits. This was equivalent to a finding that for the purposes of this matter the appellant was not attorney of these legatees, and that, if he previously had been their attorney, he did not represent them at that time in that affair. Of course this finding must stand as final since the evidence is not reported.

The appellee filed a motion to dismiss the appeal on several grounds, those now pertinent being (1) that, even if the appellant were attorney for any of the legatees, such relation gave him no standing to appeal and (2) that as former administrator he was not a person aggrieved by the decree. The motion to dismiss was granted, and the appellant's appeal from a decree dismissing the appeal brings the case here.

"A person who is aggrieved by an order, sentence, decree or denial of a Probate Court or of a judge of such court may, except as otherwise provided, appeal therefrom to the Supreme Judicial Court." R. L. c. 162, § 9. It was said in *Lawless* v. *Reagan*, 128 Mass. 592, 593, that in cases similar to the present "In order to give one a right of appeal . . . it must appear that the party appealing has some pecuniary interest, or some personal right, which is immediately or remotely affected or concluded by the decree appealed from."

The mere fact that the appellant had been or was attorney for certain legatees under the will concerning other matters, gave him no standing to appeal. In that capacity he was not "aggrieved" by the decree appointing his successor. It does not appear that as such attorney he was a creditor of any of the legatees. But even if he were a simple unsecured creditor, he would not be aggrieved. *Smith* v. *Bradstreet*, 16 Pick. 264, and cases there examined. As such attorney the appellant fails of every test by which one may be an aggrieved party. *Leyland* v. *Leyland*, 186 Mass. 420, and cases there reviewed. *Harrington* v. *Harrington*, 13 Gray, 513. *Swan* v. *Tapley*, 216 Mass. 61.

A further question is whether an administrator with the will annexed, who has been removed by decree of the Probate Court, is aggrieved by a decree appointing in his place an administrator *de bonis non* with the will annexed. It is plain that he is not. Within the principle already stated, as interpreted in numerous decisions, no pecuniary interest or personal right of the appellant is involved in the decree appointing his successor as administrator. He represents no public interest. Whatever interest or right he may have had in the estate of the testatrix terminates on his own removal. His only duty then is immediately to turn over to his successor all the property of the estate held by him and to settle his accounts forthwith. *Nesbit* v. *Cande,* 206 Mass. 437. *Lewis* v. *Bolitho,* 6 Gray, 137. Moreover, it is clear from the terms of R. L. c. 162, § 20, that it was not the intent of the Legislature to confer upon the removed administrator a right to appeal from the decree appointing his successor. To recognize such right of appeal would nullify to some extent the unequivocal design of the statute to clothe the Probate Court with power to appoint a new administrator entitled forthwith to receive the property of the estate from the administrator who had been removed. It would tend to frustrate this provision for the speedy settlement of estates if the removed administrator should have the power to suspend the operation of the appointment of his successor by taking an appeal.

It is manifest that for the same reasons there was no error in overruling the motion to stay proceedings in the proceeding at bar until the appeal in the petition for the removal of the appellant as administrator could be determined.

At the argument the appellant offered for filing a paper entitled "Suggestion to the Court." It refers to provisions of the Constitutions of this Commonwealth and of the United States as being material and seeks to draw them in question. This is an indirect method of enlarging his reasons of appeal. He is restricted in this court to those filed within the time allowed by the statute. *Boynton* v. *Dyer,* 18 Pick. 1. *Bartlett* v. *Slater,* 183 Mass. 152, and cases there collected.

> *Permission to file suggestions denied.*
> *Interlocutory decrees and decree dismissing appeal affirmed.*