WILLIAM I. MONROE, executor, *vs.* HELEN S. COOPER, administratrix *de bonis non* with the will annexed.

Suffolk.    January 22, 1920. — February 24, 1920.

Present: RUGG, C. J., DE COURCY, PIERCE, CARROLL, & JENNEY, JJ.

*Probate Court,* Appeal. *Words,* "Person who is aggrieved."

A creditor of a deceased person is not a "person who is aggrieved" by a decree of the Probate Court allowing a will of his debtor and is not given by R. L. c. 162, § 9, a right of appeal therefrom.

*Whether* under any circumstances a creditor of a deceased person would have a right of appeal from a decree of the Probate Court upon a petition under R. L. c. 137, § 1, cl. 3, giving "one or more of the principal creditors" of a deceased person a right to petition for administration of his estate, was not determined.

APPEAL by Frederick F. Read from a decree of the Probate Court for the County of Suffolk allowing the will of Elizabeth T. Marshall, late of Boston.

While the appeal was pending, Frederick F. Read died and Emma S. Read, appointed executrix of his will by the Surrogate's

Court for the County of New York, in the State of New York, was admitted to prosecute the appeal in his stead.

The appellee moved that the appeal be dismissed on the ground that the appellant had no beneficial interest in the estate of the testatrix and was not aggrieved by the decree appealed from. The motion was heard by *Loring,* J., and was allowed; and by his order a final decree was entered dismissing the appeal and remanding the case to the Probate Court for further proceedings. The executrix of the will of Frederick F. Read appealed.

Subsequently, the executrix of the will of Frederick F. Read died and Helen S. Cooper was appointed administratrix with the will annexed of the estate of Frederick F. Read not already administered and was admitted to prosecute the appeal.

*H. H. Ballard, Jr.,* for the appellant.

*H. D. McLellan,* for the appellee.

RUGG, C. J. The single question presented on this record is, whether one having no other interest than that of a creditor has a right to appeal from a decree of the Probate Court allowing the last will and testament of his deceased debtor. The decision must turn on the point whether such creditor is a "person . . . aggrieved" by such a decree. Only persons so aggrieved are given the right to appeal under R. L. c. 162, § 9.

Numerous cases have arisen calling for the definition of the words "person . . . aggrieved" as used in this statute in their application to various states of facts. It is not necessary to review these decisions. It is enough to say that in order for one to be aggrieved in this sense, it must appear that he has some pecuniary interest, some personal right, or some public or official duty resting upon him, affected by the decree. *Smith* v. *Bradstreet,* 16 Pick. 264. *Lawless* v. *Reagan,* 128 Mass. 592, 593. *Leyland* v. *Leyland,* 186 Mass. 420. *Ensign* v. *Faxon,* 224 Mass. 145. *Hayden* v. *Keown,* 232 Mass. 259. *Kline* v. *Shapley,* 232 Mass. 500. *Crowell* v. *Davis,* 233 Mass. 136.

Whether his debtor dies testate or intestate is a matter of no substantial interest to any creditor. The property of a decedent must be applied to the payment of his debts before either next of kin or heirs at law in the case of intestacy, or the legatees or devisees of a testator, can share in his estate. A will cannot give to either devisee or legatee rights superior to a creditor. It follows

that a creditor is not aggrieved in any legal signification by the allowance of the will of his debtor. See *Putney* v. *Fletcher,* 140 Mass. 596, *Nesbit* v. *Cande,* 206 Mass. 437, *Swan* v. *Tapley,* 216 Mass. 61, for somewhat analogous cases.

It is not necessary to determine whether circumstances may arise, in view of R. L. c. 137, § 1, giving "one or more of the principal creditors" a right to petition for administration upon the estate of a deceased person, whereby a creditor may be a person aggrieved by a decree appointing an administrator. No intimation is made on that point. See *Stebbins* v. *Palmer,* 1 Pick. 71; *Smith* v. *Bradstreet,* 16 Pick. 264; *Smith* v. *Sherman,* 4 Cush. 408; *Lawless* v. *Reagan,* 128 Mass. 592.

*Decree affirmed.*