LORING P. JORDAN, administrator with the will annexed, *vs.* W. EDWIN ULMER.

Middlesex.    January 14, 1921. — March 3, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, & JENNEY, JJ.

*Probate Court,* Appeal, Jurisdiction. *Supreme Judicial Court. Jurisdiction. Words,* "Proceeding," "Person aggrieved."

A decree granting a petition, filed in the Probate Court after January 1, 1920, for the appointment of an administrator with a will annexed of the estate of the testator not already administered, to succeed executors and administrators who successively had been appointed before that date and had resigned or been removed, is a decree in a "proceeding begun" after January 1, 1920, the date when St. 1919, c. 274, went into effect, and an appeal therefrom may be taken under the provisions of § 1 of that statute.

Where, upon an appeal from such a decree, no facts are reported and the petition and decree are in proper form under §§ 3 and 5 of the statute and the decree conforms to the allegations of the petition, no error of law is shown and the decree must be affirmed.

The Probate Court has no jurisdiction to allow a motion, filed more than seven months after the filing of a claim of appeal under St. 1919, c. 274, to amend that claim, and no appeal lies from a denial of the motion for want of jurisdiction.

One, who is the holder of shares of stock comprising assets of the estate of one deceased, is not a "person aggrieved" by a decree of the Probate Court granting

administration with the will annexed of the estate of the deceased not already administered; and therefore he is not entitled to appeal from such decree under G. L. c. 215, § 9.

PETITION, filed in the Probate Court on May 6, 1920, for the appointment of the petitioner as administrator with the will annexed of the estate not already administered of Edmund M. Wood, late of Natick.

The petition was heard in the Probate Court by *Lawton, J.*, and was granted by a decree entered on May 13, 1920. On May 25, W. Edwin Ulmer claimed an appeal as "the holder of stock of Henry Wood's Sons' Company and Waban Rose Conservatories comprising assets of estate of Edmund M. Wood." On October 6, 1920, Ulmer moved to amend his claim of appeal by inserting before the word "assets" the word "all" and after the word "assets" the word "formerly." The motion was heard by *L. E. Chamberlain, J.*, and was dismissed for want of jurisdiction.

In this court the administrator moved that the appeal be dismissed for the reason that the appellant was not a person aggrieved by the decree from which he appealed.

*W. E. Ulmer*, (*F. F. Collier* with him,) *pro se.*

*G. M. Poland*, for the administrator.

RUGG, C. J. This is an appeal from a decree of the Probate Court whereby was appointed an administrator with the will annexed of the estate not already administered of Edmund M. Wood. The petition on which the decree was entered is dated May 6, 1920, and the decree on May 13, 1920. The petition alleges that the will of the testator was allowed in 1902, that executors were appointed who resigned, and that thereafter administrators were appointed who have resigned or been removed, all prior to January 1, 1920, when St. 1919, c. 274, now G. L. c. 215, § 9, under which this appeal is before us, went into effect.

Although the question has not been raised, it is our duty to consider and determine whether we have jurisdiction of the appeal under the act. *Eaton* v. *Eaton*, 233 Mass. 351, 364. *National Fertilizer Co.* v. *Fall River Five Cents Savings Bank*, 196 Mass. 458, 462.

It is provided in § 1 of the act that "A person who is aggrieved by an order, decree or denial of a Probate Court or of a judge of

that court, in any proceeding begun after this act takes effect, may . . . appeal" to this court. The question is whether this is a "proceeding begun" after January 1, 1920. The settlement of the estate of the testator began before that date. The word "proceeding" is of broad signification. It comprehends the invocation by appropriate method of a judicial determination concerning any matter in accordance with the usual practice of the courts. *Lait* v. *Sears,* 226 Mass. 119, 124. *International Paper Co.* v. *Commonwealth,* 232 Mass. 7, 10. A petition like the present is an independent step in the settlement of the estate of the testator. It must be begun in the same way as the original petition. The issuance and service of the same process, in substantially the same way as was essential for the appointment of executors upon the original petition, is required. It raises issues which are separate and distinct from any which have gone before in the settlement of the estate. The petition does not seek the review or the re-opening of any decisions theretofore made. The decree upon this petition was final and not interlocutory in nature. It disposed conclusively of every issue raised by the petition. In the ordinary course of procedure, it was not susceptible of modification by other proceedings in the case. *Forbes* v. *Tuckerman,* 115 Mass. 115, 119. *Hutchins* v. *Nickerson,* 212 Mass. 118. *Reynolds* v. *Missouri, Kansas & Texas Railway,* 224 Mass. 253. *Shannon* v. *Shepard Manuf. Co. Inc.* 230 Mass. 224, 229. In a very broad sense the settlement of the estate may be termed a single proceeding. But the words of the statute do not readily lend themselves to this comprehensive signification of the word "proceeding" in view of the system of probate jurisdiction prevailing in this Commonwealth. Numerous proceedings in the settlement of a single estate in probate are quite dissociated one from another, which in common law or equity would constitute several actions or suits.

The result is that this appeal comes within the descriptive words of St. 1919, c. 274, now G. L. c. 215, § 9, and we have jurisdiction to consider it.

The papers relating directly to the case are the petition, the decree and the appeal. There is no report of the material facts found by the judge of probate as provided in §§ 3 and 5 of St. 1919, c. 274, now G. L. c. 215, §§ 11 and 13. It is manifest that

upon the face of these papers there is no error of law. In the absence of any report whatsoever, it must be presumed that the judge of probate acted upon sufficient evidence. That the decree corresponded with the allegations and prayers of the petition is too plain for discussion, and that is the only point open. *First Baptist Society in Brookfield* v. *Dexter,* 193 Mass. 187, 189.

The motion of the appellant to amend his appeal was denied rightly and the appeal therefrom presents no error of law. *Hayden* v. *Keown,* 232 Mass. 259.

Numerous papers are printed in the record whose tendency has been argued to be that the estate of the testator has been finally settled. The last one, however, was acted upon by the Probate Court many months before the filing of the present petition. It is plain that their effect is not as matter of law to deprive the Probate Court of jurisdiction to entertain and adjudicate the present petition.

The appellant alleges that he is the holder of certain stocks comprising assets of the estate of the testator and is interested in the estate. It seems apparent that these averments are not sufficient to show that he is "a person aggrieved" by the decree under R. L. c. 162, § 9, (now G. L. c. 215, § 9,) and hence is not entitled to appeal. *Monroe* v. *Cooper,* 235 Mass. 33, and cases there collected.

In any event the appellant fails on the record to show that he has suffered any harm by the proceedings here assailed.

*Decree affirmed.*