ARTHUR N. SANDEEN, administrator *de bonis non*, vs. PEARL C. TIBBETTS & others.

Middlesex.     November 13, 1933. — November 14, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Probate Court*, Appeal, Accounts.

Where the record on appeal from a decree of a probate court upon an account of an administrator consisted merely of the account, the inventory, the decree and the appeal, without a report of the evidence or of material facts, no error appeared in the disallowance of certain items in schedule B and the charging of the accountant with the total of those items, although he contended that they were proper payments because of the provisions of a certain will and presented to this court copies of probate records in connection with that will, there being in the record no reference thereto and nothing to warrant such payments.

PETITION, filed in the Probate Court for the county of Middlesex on March 29, 1933, seeking allowance of the first and final account of the petitioner as administrator *de bonis non* of the estate of Frederick A. Sandeen, late of Burlington.

A decree entered by order of *Beane*, J., and the record on appeal therefrom by the petitioner, are described in the opinion.

In the account, the petitioner charged himself with $3,652. The items of Schedule B which were not disturbed by the decree were for expenses of administration. The two items disallowed totalled $3,382.40 and were indicated in the account as payments to "Arthur N. Sandeen, lega-

tee under the will of Catherine E. Clements." The inventory showed as the only asset received by the petitioner $3,652 payable to the estate "by the Veterans' Administration."

In his brief, the petitioner stated that the $3,652 was a balance due under a life insurance policy issued by the United States to the intestate; that Catherine E. Clements was the mother of the intestate and his sole heir; that there were no creditors of the estate; that she had died; and that in her will, duly admitted to probate according to the copies presented to this court with the record on the petitioner's appeal, there was a legacy to Arthur N. Sandeen of "all sums of money that shall be due from the United States Government on account of an insurance policy issued to my deceased son, Frederick Sandeen." The petitioner contended that because of said legacy he was the only person beneficially interested in Frederick Sandeen's estate and therefore, "having the funds [$3,382.40] in his hands, could and did rightfully, legally, transfer the money in his hands as administrator to himself as legatee under the will of Catherine E. Clements."

*S. W. Wagner*, for the petitioner, submitted a brief.

No argument nor brief for the respondents.

BY THE COURT. This is an appeal from a decree of a probate court allowing the first and final account of an administrator. The account as filed showed no balance. The decree disallowed two items in schedule B, and charged the accountant with a substantial balance. The papers relating to the case are the account as filed, the decree, the inventory and the appeal. No evidence is reported. There is no report of material facts found by the judge of probate. G. L. (Ter. Ed.) c. 215, §§ 11, 13. Therefore it must be presumed that the judge acted upon sufficient evidence. *Moore* v. *Tyler*, 280 Mass. 337. Manifestly there are no errors of law on the face of this record. *Jordan* v. *Ulmer*, 237 Mass. 577. The argument of the accountant is that the items disallowed in his account were due and payable under the will of Catherine E. Clements. Copies of her will and certain probate records in connection there-

with have been presented to us. They are not referred to in the record. There is nothing in the record on the appeal to warrant the payments stated in the account and disallowed in the decree.

*Decree affirmed.*