SEYMOUR E. ALLEN, petitioner to establish the truth of exceptions. [1]  February 8, 1946.  Petition dismissed.  And it is further ordered that the clerk make appropriate entries upon the docket of the Supreme Judicial Court for the county of Hampden in the case of Seymour E. Allen, petitioner for a writ of mandamus, against John J. Lyons, register of probate.  This is a petition to the full court by Seymour E. Allen, petitioner in the county court for a writ of mandamus against John J. Lyons, register of probate, to establish the truth of exceptions disallowed by a justice of this court.  Without statement or discussion of other reasons for denying the petition to establish the truth of exceptions, it is enough to say that, even if the truth of the exceptions was established, "no question of law of such gravity as properly to call for consideration of the court would be presented," *Commonwealth* v. *Vallarelli*, 273 Mass. 240, 247, and for this reason the petition must be dismissed.

*S. E. Allen*, pro se.

*C. V. Ryan*, (*G. A. McLaughlin* with him,) for the respondent.

SEYMOUR E. ALLEN *vs.* NATIONAL SURETY CORPORATION & others.  February 9, 1946.  Decree affirmed.  This is an appeal from a decree entered in the Probate Court on July 14, 1945, dismissing a petition for revocation of the decree entered in that court on October 27, 1944, appointing the respondent Percy H. Goodsell as administrator of the estate of John R. Allen.  The evidence is not reported and there is no report of material facts found by the judge.  The appellant's request therefor, a copy of which is set forth in the record, did not conform to the requirements of the statute.  (G. L. [Ter. Ed.] c. 215, § 11.)  The Probate Court had jurisdiction of the subject matter of the petition and the decree entered was within its scope.  It must, therefore, be presumed that the judge acted upon sufficient evidence.  There are no errors of law on the face of the record.  *Sandeen* v. *Tibbetts*, 284 Mass. 385, 386.  See also *Hale* v. *Blanchard*, 242 Mass. 262, 264; *Marean* v. *Kershaw*, 281 Mass. 332, 333–334.

*S. E. Allen*, pro se.

*C. V. Ryan*, (*G. A. McLaughlin* with him,) for the defendants.

HARRY SELKOWITZ *vs.* BENJAMIN PERLIN.  February 26, 1946.  Order of Appellate Division affirmed.  This is an action of contract upon an agreement made with the plaintiff by the defendant real estate broker to pay to the plaintiff all of the commission, except $100, that might be received by the defendant from the owner of certain real estate with respect to the sale thereof to a customer furnished by the plaintiff.  Since there was no evidence that the defendant at the time the action was begun had received any such commission, judgment was rightly ordered for the defendant.

The case was submitted on briefs.

*W. F. Hallisey*, for the plaintiff.

*J. E. Handrahan*, for the defendant.