NANCY A. COLBURN & another *vs.* WILLIAM E. JEWELL & another.

Suffolk.   Nov. 12, 1880. — Jan. 6, 1881.   LORD & SOULE, JJ., absent.

If land taken on execution is sold under the St. of 1874, *c.* 188, after due notice of the time and place of sale, as required by the Gen. Sts. *c.* 103, § 41, notice to the creditor, after the levy and before the sale, that the land is held in trust by the debtor, the declaration of which has not been recorded, does not render the sale invalid.

WRIT OF ENTRY, dated December 17, 1879, to recover a parcel of land in Revere.   Plea, *nul disseisin.*   The case was submitted to the Superior Court, and, after judgment for the demandants, to this court, on appeal, on agreed facts which appear in the opinion.

*W. E. Jewell,* for the tenants.

*D. E. Ware & J. Hewins,* for the demandants, were not called upon.

ENDICOTT, J.   It appears from the agreed statement of facts that the land in controversy was conveyed to Henry S. Adams, by a deed duly recorded, in November 1875; and, while thus standing in his name on the record, it was seized and taken, in February 1876, upon an execution against him in favor of the demandants.   The officer did not proceed to levy by set-off, but by sale, as provided in the St. of 1874, *c.* 188.   Notices of the time and place of sale appear to have been given on March 1, 1876, and the land was duly sold on April 8 following, by public auction, and conveyed by the officer to the demandants' attorney, who conveyed the same to the demandants.   On the day before the sale, the demandants received notice from James O. Young and Alpheus P. Blake, that Adams held the land in trust for them, under a declaration of trust executed by him in November 1875.   It is admitted that Adams held the land in trust, but the

declaration had never been recorded; and the demandants had no knowledge of it until the notice was received from Young and Blake. Young was in possession of the premises at the time of the levy and sale; and the tenants, who are his assignees in insolvency, contend that no title passed by the sale, because the demandants had notice of the trust after the seizure and before the sale.

But this position is not tenable. The statutes provide that no trust concerning lands shall prevent a creditor, who has no notice of the trust, from taking them on execution as if no trust had existed. Gen. Sts. *c.* 100, §§ 19–21. These provisions must determine the rights of the parties in this case. Under the St. of 1874, *c.* 188, § 1, the land of a debtor may be sold on execution in like manner as the right to redeem mortgaged lands is sold, and the officer who serves the execution shall proceed "in all respects in the manner prescribed for the sale of such right of redemption." By referring to the provisions of the Gen. Sts. *c.* 103, respecting the sale of the right of redeeming mortgaged lands, it appears that due notice of the time and place of sale must be given, as provided in § 41. Such notice was given in this case. Section 43 provides that the levy shall be considered as made at the time of first giving the notice. The first act, therefore, in relation to the levy in this case began at the time when the officer gave notice of the sale; and it is well settled that a levy of execution takes effect by relation from the time when the legal proceedings for making the levy begin, and no act of the debtor, or notice of an unrecorded deed, or of a trust after the levy has commenced, can defeat the levy, if all the proceedings are in proper form, and the land is duly sold. The notice, therefore, of the trust, given to the demandants the day before the sale, could not affect its validity, for by force of the statute the estate vested in the purchaser at the sale, as of the time of giving the notice. *Hall* v. *Crocker*, 3 Met. 245. *Capen* v. *Doty*, 13 Allen, 262. *Woodward* v. *Sartwell*, 129 Mass. 210.

*Judgment for the demandants.*