## GEORGE P. SEWALL *vs.* ELLEN M. SEWALL.

Suffolk.   Nov. 21, 1879. — April 6, 1880.   MORTON & SOULE, JJ., absent.
        September 6. — 14, 1880.   MORTON & SOULE, JJ., absent.
        Nov. 17, 1880. — Jan. 7, 1881.   LORD & SOULE, JJ., absent.

On a wife's libel for divorce, land of the husband was attached, and was afterwards sold on an execution for alimony *pendente lite,* and bought by the wife. *Held,* on a bill in equity against the wife by a subsequent grantee of the husband to redeem the land from such sale on execution, that the plaintiff was entitled to a decree that, on the payment of a certain sum (being the sum due for redemption) to the clerk of the court for the benefit of the defendant, the plaintiff have seisin and possession of the land as against the levy and sale on execution, and the defendant be perpetually enjoined from setting up or asserting any title under that levy and sale; but was not entitled to a decree requiring the defendant to execute a deed of release of the land to him. *Held, also,* that the question whether the conveyance to the plaintiff was without consideration and in fraud of creditors was immaterial, and, though raised by the pleadings and tried by the parties, could not be determined in this suit.

If, on a bill in equity, the full court orders a decree for the plaintiff, without stating the form of the decree, this is to be settled by one justice, and an appeal lies from a decree afterwards entered by him, although it purports to recite the judgment of the full court.

Under the Gen. Sts. c. 103, § 31, the plaintiff, on a bill in equity to redeem land from a sale on execution, is not entitled to costs unless he makes a tender before filing his bill; nor is the defendant entitled to costs, if his defence is groundless.

BILL IN EQUITY, filed June 21, 1878, to redeem land in Boston from a sale and conveyance, on June 23, 1877, to the defendant, by Benjamin F. Bayley, a deputy sheriff, upon an execution against Charles H. Sewall.

The bill alleged that the plaintiff was seised of the land under a deed thereof from Charles H. Sewall, dated June 20, 1878, and that between June 23, 1877, and June 20, 1878, Charles H. Sewall repeatedly demanded of the defendant a statement of the amount due her in the premises, which she refused to make

offered to pay such sum as should be found due and to obey any
order of the court; and prayed for a discovery, for an order that
the defendant execute to him a deed of release, for judgment
and execution for seisin as at common law, and for further relief.

The deed of the officer to the defendant (a copy of which was
annexed to the bill) recited that, on May 3, 1877, by virtue of a
writ of execution issued upon a judgment for the sum of $900,
recovered by the defendant against Charles H. Sewall in a libel
for divorce, he had levied and taken all the right, title and inter-
est which Charles H. had in the land on May 9, 1874, being the
time when it was attached on mesne process, and after due no-
tices (particularly set forth) sold the same by public auction to
the defendant, she being the highest bidder, for the sum of $956.

The answer alleged that, on May 9, 1874, the defendant filed
a libel for divorce against Charles H. Sewall, and the court
thereupon ordered an attachment of his real estate to be made
to the amount of $15,000, and the land in question was accord-
ingly duly attached, and was now held under the attachment as
security for all sums which she might recover, as well for ali-
mony or other allowance pending the suit, as upon the final de-
cree; that the libel was still pending, and no final decree had
been entered therein; that the execution upon which the land
had been sold was issued by order of court to satisfy an inter-
locutory decree for the payment of alimony *pendente lite*, and
the sale was subject to her attachment; that neither Charles
H. Sewall nor the plaintiff had paid or tendered to her the amount
of the execution and the costs thereon, or demanded a statement
of the amount due to her; and that the conveyance by Charles
H. Sewall to the plaintiff was made without consideration, and
with intent to defraud her and the creditors of Charles H. Sew-
all; that the plaintiff was not entitled to redeem the premises,
and if he was, then only as subject to her attachment, and she
should not be ordered to execute a deed of release to him so as
to discharge her attachment.

The plaintiff filed a general replication; and the cause was
heard upon pleadings and proofs before *Endicott*, J., who made
the following report thereof:

" It appeared that the facts alleged in the pleadings as to
the bringing of the libel for divorce, the attachment, the decree

for alimony *pendente lite*, the issuing of execution thereon, the levy and sale under said execution, the pending of the libel, and the purchase by the plaintiff of the land and the right to redeem, were true. There was no evidence that either the plaintiff or Charles H. Sewall had ever paid or tendered to the plaintiff the amount of said execution and costs thereon, or had ever demanded a statement of the amount due to her.

" The defendant contended that, if the plaintiff was entitled to redeem, the decree submitted by the plaintiff did not sufficiently protect the defendant in her rights under the attachment. Upon these facts I ruled that the plaintiff was entitled to redeem, and ordered the decree, a copy of which is annexed, to be entered; and, at the request of the defendant, report the case for the determination of the full court as to the plaintiff's right to redeem without a previous tender, so far as the same may be open on the record, and as to the form of the decree. The pleadings are made part of this report."

The decree annexed to the report was as follows: " This cause came on to be heard at this term, and was submitted on evidence and argument by counsel; and thereupon, upon consideration thereof, it having been found by the court that the plaintiff was in the exercise of good faith, it is ordered, adjudged and decreed by the court, that said plaintiff forthwith pay to the clerk of this court the sum of five hundred and seven dollars," (being the sum due for redemption, including the sum for which the land was sold on execution, with interest, taxes and repairs, and deducting rents and profits, to the date of the decree,) "to the use of the defendant; and that within fifteen days thereafter said defendant execute and acknowledge a proper deed in due form to the plaintiff of all the right, title and interest in and to the premises described in the bill in said cause, which said plaintiff acquired in said premises by and under the levy and sale set forth in said bill and the deed to her by Benjamin F. Bayley, deputy sheriff; said deed to be in the manner and form set forth in the exhibit hereto annexed; and it is further ordered, adjudged and decreed, that forthwith, upon payment of said sum into court, said plaintiff shall have seisin of said premises, as against said levy and sale on execution to said defendant, and shall be forthwith let into possession of said premises, as

against any and all persons claiming by, through or under said levy and sale, and that, upon said payment, the said defendant, Ellen M. Sewall, her heirs and assigns, be perpetually enjoined not to set up or assert any title to said premises against the plaintiff, his heirs and assigns, under the said levy and sale to her, the said defendant, under said execution."

*J. R. Bullard*, for the plaintiff.

*R. M. Morse, Jr.*, for the defendant.

LORD, J. If we understand the claim of the defendant in this case, in substance it is this: when an attachment is made, upon a libel for divorce, of the property of the libellee, that attachment differs from other attachments in this, that the same property is liable to be sold over and over again for its full value, as many times as the equity of redemption is purchased by any person and the property is redeemed. That is to say, if the entire estate is sold on execution, and the execution debtor assigns his right to redeem his estate thus sold on execution to a third person, who redeems it, then it becomes again the debtor's, and is held under attachment by the libellant, which attachment takes precedence of the title acquired under the assignment of the right of redemption and by the release of the estate upon redemption, so that the estate shall necessarily be held to answer as many times its whole value as the libellant shall succeed in obtaining executions to that amount. When the libellant has once received the full value of the property attached, she has received all that the law warrants her in receiving from the attachment. If the property attached is sufficient in value to satisfy but one execution, when it has satisfied that execution it has done all that the libellant had a right to expect it to do. If the property was of much more value than the amount of the execution, then the libellant might satisfy the execution out of the property, and retain the attachment upon the balance of it for further security; or if the property were of such a nature that the officer might be justified in converting it into cash, he might so convert it, satisfying the execution out of the proceeds, and hold the remainder under the attachment.

But if we understand the defendant's points, in addition to such a claim she makes another, which seems to be this: that because an execution debtor has a right to redeem property

taken or sold on execution, therefore that right to redeem is in itself property, and that by reason of the peculiar provisions relating to attachments in divorce cases an attachment of property still continues to exist as an attachment of the right to redeem the same after the property shall have been sold on execution ; and this is claimed as the result of the provision of law that a libellant may attach property for the purpose of securing all sums recovered as well for alimony *pendente lite* as for any sums recovered upon final decree. Gen. Sts. *c.* 107, §§ 50–52. *Burrows* v. *Purple*, 107 Mass. 428.

It would probably be difficult for an officer to describe exactly at the time of making the attachment what, in this view, he attached. The presumption of law always is that real estate is set off or sold upon execution for its true value; and the right to redeem is not, or at least technically was not before the St. of 1877, *c.* 176, an estate in land, but it was simply a right in the debtor to substitute money for it at its real value, and again receive it in lieu of the money so paid. The purpose of this right was to protect a party against being deprived of his estate in land because of his temporary inability to pay a debt in money.

Although the presumption in law is that an estate thus appropriated on execution is appropriated at its full value, and nothing of value remains to the debtor, yet during the year in which he may redeem the estate there may be very great fluctuations in the value of the land, and the creditor may find that he has actually received but a moiety of his debt, or the debtor may find that, in consequence of a great change in value, this piece of land has become of double the value at which it was set off or sold, and so his right to redeem has become a valuable right, and by the St. of 1877, *c.* 176, becomes an attachable property. But that right was not property in law before the St. of 1877, and in the present case it was not and could not be attachable property at the time the attachment in this suit was made, and the only mode in which any creditor could ever avail himself of that right is by attaching it upon mesne process or seizing it on execution after it shall come into existence.

The embarrassment of the defendant's position meets her when she comes to define the decree which she claims should be

entered in this case. She is compelled to admit a right of re-demption, and in her brief she submits a form of decree which she claims to be the proper form, and which is as follows :

"It is ordered, adjudged and decreed by the court, that the plaintiff forthwith pay to the clerk of this court the sum of $507 and the costs of this suit to the use of said defendant, and that within fifteen days thereafter said defendant execute and ac-knowledge a release in common form to the plaintiff, of the right, title and interest in and to said premises which the de-fendant acquired therein by and under the sale set forth in the bill and the deed to her by Benjamin F. Bayley, deputy sheriff, subject, however, to the attachment of the defendant in said libel of divorce to secure any executions that may hereafter issue on decrees in said libel."

Analyzing this, we find that the plaintiff is to pay $507, the whole value of the land, as determined by law, and is to receive a conveyance of the land subject to an attachment to its full value.

It is not, however, necessary to decide upon the validity of this apparently extraordinary claim, for the defendant is required by the decree ordered to release only what she has acquired under the levy and sale, and that title only is the one which she is enjoined against asserting; and that title which she thus ac-quired was not the right to redeem, but simply the estate subject to that right of redemption, and if that were originally attached, the attachment remains, so that if she ever had a right to it she still has it.

The other point made at the trial, that the plaintiff was bound to tender the money before bringing his bill to redeem, we un-derstand to be abandoned.                    *Decree for the plaintiff.*

The rescript of the full court, dated April 6, 1880, ordered the following entry to be made upon the docket: "Decree for plaintiff," and contained this statement of the grounds and rea-sons of the decision: "In contemplation of law, when a levy was made upon the attached real estate of the libellee, it was a levy of the whole estate, and no interest therein remained under attachment." An entry on the docket was made accord-ingly.

On May 31, 1880, at a term held by *Lord*, J., a final decree was entered, beginning thus : " This cause came on to be heard at a former term of this court, and was submitted on evidence and argument of counsel; and it was found by the court that this plaintiff was in the exercise of good faith ; and now, upon consideration thereof by the full court, it is ordered, adjudged and decreed that said plaintiff forthwith pay the clerk of this court the sum of two hundred seventy-nine and $\frac{78}{100}$ dollars," (being the sum due for redemption, computed as aforesaid to this date); and in all other respects in the words of the form of decree annexed to the report, *ante*, 203.   On June 4, the plaintiff took out execution on this decree.

The defendant, on June 11, appealed from this decree to the full court; and on June 23, not waiving his appeal, but fearing that, as that decree purported to be the decree of the full court, and had been so treated by the clerk by issuing execution thereon, it might be held to be a decree of the full court, and therefore not subject to appeal, presented a petition for a further hearing before the full court as to the form of the decree in the cause, and therein suggested that the form of decree annexed to the report was not in conformity with the law in the particulars following: 1st. In containing the clause " and it was found by the court that this plaintiff was in the exercise of good faith."   2d. In requiring the defendant to execute a release.   3d. In making no provision as to costs.

By leave of the court, arguments were submitted in writing in September by the same counsel upon the question whether the petitioner should be further heard upon the original report on the question of the form of the decree.

GRAY, C. J.   The full court, by the terms of the report on which this case was reserved for its determination, might doubtless have determined the form of the decree to be entered, as well as the merits of the case.   Gen. Sts. *c.* 112, § 11; *c.* 113, §§ 8, 15.   But it did not do so; and its opinion and rescript, while ordering in general terms a decree for the plaintiff, left the form of that decree to be settled before one justice.   The decree afterwards entered, although in part purporting to recite the judgment of the full court, was only the decree of the justice who entered it, and was therefore, like all other decrees

of a single justice in equity, subject to an appeal to the full court. This petition for a further hearing on the original report was not presented until after six weeks from the entry of the rescript, and three weeks from the entry of the final decree, and no sufficient grounds are shown for granting the petitioner any other relief than he may obtain upon his appeal, which is now pending, from that decree. The questions presented by this petition, so far as they should be entertained by the full court, can more properly be argued and determined upon that appeal.                                        *Rehearing denied.*

The appeal was argued in November by the same counsel, upon the grounds stated in the petition for a rehearing.

GRAY, C. J. Whether the conveyance from Charles H. Sewall to the plaintiff was without consideration, and in fraud of the defendant and of the creditors of Charles H. Sewall, was wholly immaterial, in any aspect of the case. If, as the defendant contended, the land was still subject to her attachment after the sale on execution, that attachment took precedence of the subsequent conveyance to the plaintiff, even if this conveyance was made and received in good faith. If, as was intimated by this court upon the first argument, the attachment was no longer in force after the sale on execution, Charles H. Sewall, against whom the judgment and execution were awarded, might himself have maintained a bill in equity to redeem the land from that sale; and his deed to this plaintiff passed all the rights that he had, even if it passed no more because made in fraud of creditors. Gen. Sts. *c.* 103, §§ 29–31, 44, 46, 50. St. 1874, *c.* 188. The issue whether the conveyance to the plaintiff was in good faith or was in fraud of creditors, though made by the pleadings and tried by the parties, yet, being wholly irrelevant to the real issue between them, cannot be decided in this case; and the decree below should be amended, as suggested by the defendant, by striking out the words " and it was found by the court that this plaintiff was in the exercise of good faith."

A decree that the plaintiff, on complying with its terms, have seisin and possession of the premises, and that the defendant be perpetually enjoined from setting up or asserting any title under said levy and sale on execution, is all that is required by statute,

or needful for the plaintiff's protection.   Gen. Sts. *c.* 103, §§ 29, 30; *c.* 113, § 23.   The clause of the decree below, requiring the defendant to execute a deed of release to the plaintiff, is there-fore superfluous, and should be omitted.

Neither party is entitled to costs; not the plaintiff, because he made no tender before bringing suit; not the defendant, because her claim was groundless.   Gen. Sts. *c.* 103, § 31.   *Saunders* v. *Frost,* 5 Pick. 259, 274.                    *Decree accordingly.*