## CHARLES S. DOWNS *vs.* SAMUEL FLANDERS.

Dukes County.    October 23, 1889. — November 12, 1889.

Present: DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Husband and Wife — Separate Maintenance — Allowance — Attachment of Husband's Real Estate — Successive Executions — Officer's Return — Amendment — Probate Court.*

If an attachment of a husband's real estate is made under the Pub. Sts. c. 147, § 35, on a wife's petition for separate maintenance, the Probate Court, to enforce the payment of an allowance to her for her support, may issue successive executions until the property attached is exhausted, and the attachment will continue until that time; and the levy of such an execution will confer a title good against a grantee of the husband after the attachment.

An amendment to the return of the attaching officer, made in accordance with the facts, and to show that a valid attachment had been made, was *held* to be properly allowed.

WRIT OF ENTRY to recover an estate for life in two parcels of land in Chilmark. Plea, *nul disseisin.* The case was submitted to the Superior Court, and, after judgment for the tenant, to this court, on appeal, on an agreed statement of facts, in substance as follows.

On July 17, 1884, Emily O. Mayhew, wife of Henry S. Mayhew, filed a petition in the Probate Court for separate maintenance and for the custody of her children, and in the order of notice duly issued thereon to him an attachment was ordered of his real and personal estate to the amount of one thousand dollars. This attachment, which was made and recorded on that day, was of several distinct parcels of land owned by Henry S. The return of the officer on the order of notice recited that on July 17, 1884, he "attached all the right, title, and interest of the within named Henry S. Mayhew in and to any and all real estate in the county of Dukes County." Subsequently the Probate Court made a decree that Henry S. should each week pay a certain allowance to his wife for her support, and on September 6, 1886, this allowance being in arrears, the Probate Court, upon due proceedings had, ordered an execution in common form to issue against Henry S. for the sum of one hundred dollars, the amount of such arrears, which was duly

levied upon one of the parcels of land attached, and the execution returned fully satisfied. On June 9, 1887, the allowance being again in arrears, the Probate Court duly ordered a second execution to issue for two hundred and twenty-four dollars, the amount of the arrears then due. This execution was duly levied upon two other parcels of the land attached, being the demanded premises, by a sale to the tenant of all the right, title, and interest which Henry S. had therein on July 17, 1884, the date of the attachment, and the execution was returned fully satisfied. On March 9, 1886, Henry S. by a warranty deed, in which Emily O. did not join, conveyed the demanded premises to Mary H. Downs, and this deed was duly recorded. Mary H. died in September, 1886, intestate, leaving a husband, the demandant, and an only child, their son.

On May 28, 1889, the Probate Court, on a motion duly made to it, permitted the officer who made the attachment to amend the above return by adding after the word " County" the words, " and on the 18th day of July, 1884, I deposited a true and attested copy of this petition and order thereon in the clerk's office of the Superior Court for said county, with so much of my return thereon as relates to the attachment of said real estate, and paid the clerk his fee for recording the same."

*J. Brown*, for the demandant.

*H. K. Braley*, for the tenant.

DEVENS, J. An attachment of the real estate of the husband had been lawfully made by an order of the Probate Court, to a specified amount, in a proceeding by the wife praying for a separate support and the custody of her children. Pub. Sts. c. 147, §§ 33, 34, 35, and c. 146, §§ 11, 12, 15, 33, 37. An execution had been issued for non-payment of certain arrears of the allowance ordered by the Probate Court, and had been levied by sale of certain lots of land of the husband included in the attachment, but not of all of them. This execution and the sale thereon had been for an amount much less than that of the attachment.

The case presents the question, whether a new and additional execution might be issued for the amount of arrears which subsequently became due, and whether under it a sale may be made of the other real estate of the husband which would

give a title, to the extent of the amount for which the property had been originally attached, and which had not been exhausted by the former levy, superior to that of any one to whom the husband had alienated the estate. If the original attachment remains in force, after an execution has once been issued and served, so that other land may be taken by virtue of a second execution issuing upon the decree to the amount of the attachment, as the wife may from time to time petition for and obtain from the court successive executions in the original proceeding, the demandant evidently has no title. The property attached consisted of separate and distinct parcels, and the second execution under which the tenant claims was levied by sale thereof upon tracts different from those which had been sold by virtue of the first execution.

The attachment in a proceeding for separate maintenance is made " as in the case of a libel for divorce." Pub. Sts. c. 147, § 35. While it is provided that real or personal estate attached shall be held only for thirty days after final judgment for the plaintiff, the laws relating to attachments in suits at common law or in equity do not apply except so far as they are not inconsistent with the sections of the statutes which permit such attachments in cases like the one at bar. In libels for divorce, or petitions for separate maintenance, there is no final judgment which closes the proceeding as ordinary actions are terminated. The orders and decrees in reference to support, alimony, etc., remain open always to revision, and the purpose of an attachment is to secure such suitable support and maintenance to the wife and her children as may be awarded, by enabling the court to enforce its decrees, as they may be originally made or modified, upon the property thus sequestered. *Chase* v. *Ingalls*, 97 Mass. 524. *Burrows* v. *Purple*, 107 Mass. 428. *Barney* v. *Tourtellotte*, 138 Mass. 106.

It has been held in *Allen* v. *Allen*, 100 Mass. 373, that an action at common law would not lie to recover arrears of alimony, and this for the reason that the court granting the alimony had power to revise and alter its decrees, or to make any other decree in such matters that it might have made in the original suit. *Slade* v. *Slade*, 106 Mass. 499. The same reason is applicable in cases of separate maintenance. The party in whose favor a

decree has been rendered must resort to the court rendering it for aid in its enforcement, and an execution, where the decree is for the payment of money, is an appropriate remedy. In *Sewall* v. *Sewall*, 130 Mass. 201, 204, it is clearly intimated that, in an attachment of property on a libel of divorce, the libellant is entitled to successive executions, until the attached property is exhausted, and that the attachment continues until that time. It is said by Mr. Justice Lord: "If the property attached is sufficient in value to satisfy but one execution, when it has satisfied that execution it has done all that the libellant had a right to expect it to do. If the property was of much more value than the amount of the execution, then the libellant might satisfy the execution out of the property, and retain the attachment upon the balance of it for further security; or if the property were of such a nature that the officer might be justified in converting it into cash, he might so convert it, satisfying the execution out of the proceeds, and hold the remainder under the attachment." We are of opinion that, after the satisfaction of the first execution, the attachment still continued for the further security of the wife so far as the property attached had not been applied thereto, and that it was in the power of the Probate Court to issue successive executions, the levy of which would confer a good title as against any one to whom the property had been alienated while under the attachment.

The demandant objects that the original attachment was not valid because the officer's return did not show that he had deposited a copy of the petition, etc., in the clerk's office. The officer was permitted to amend his return in accordance with what the Probate Court must have found to be the fact. He was not allowed to do any act in order to complete his attachment, but to state truly what he had done in making it. The amended return, when allowed, became a part of the records of the court, and showed the attachment on which the tenant relied.

*Judgment for the tenant.*