MARY LEYLAND *vs.* HELEN M. LEYLAND.

Middlesex.   January 26, 1904. — September 9, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Practice, Civil,* Motion to dismiss, Appeal. *Probate Court. Divorce,* Alimony. *Words,* "Person aggrieved."

A motion to dismiss an appeal from the Probate Court is a convenient and proper method of raising the question of the appellant's right to appeal.

Whether a woman who has obtained a decree of divorce and an execution for alimony, but has made no attachment and has not levied her execution, is a creditor of her former husband, *quære.* But, if she is a creditor, she is a creditor without a lien and as such is not a person aggrieved by a decree of the Probate Court allowing the final account of the guardian of her former husband, who was a minor, within the meaning of R. L. c. 162, § 9, giving a person who is aggrieved by a decree of a Probate Court the right of appeal to the Supreme Judicial Court.

LATHROP, J.   This is an appeal from a decree of a single justice of this court, allowing a motion to dismiss an appeal from a decree of the Probate Court allowing a final account of a guardian.   The grounds upon which the motion is asked are that the appellant is not a creditor of the estate, and that the appellant is not a party aggrieved by the decree of the Probate Court.

The facts as they are stated in the motion to dismiss are as follows: Mary Leyland was duly appointed guardian of Thomas W. Leyland on April 24, 1900, and filed a bond with a surety. On September 18, 1902, her ward became of age.   On October 24, 1902, her first and final account, duly assented to by the ward after he became of age, was filed in the Probate Court.   On December 23, 1902, Helen M. Leyland, claiming to be a creditor, made a motion to contest the account, which motion was denied on February 12, 1902, by a decree of that court.

Helen M. Leyland was the wife of the ward and she obtained a decree *nisi* from him in the Superior Court of Suffolk County on November 6, 1902, as of September 15, 1902, with alimony. No demand for payment of this alimony was made until after the ward became of age and the account was filed.   There was no attachment or trustee process upon the guardian.

The decree allowing the motion to dismiss states that the appellant is not a creditor of the estate nor a party aggrieved by the decree of the Probate Court; and recites that it was passed " after full hearing and consideration."

The appellant first contends that the single justice of this court had no right to hear and decide the case upon the motion to dismiss. But the practice followed in this case is familiar, and it is a convenient practice, where the question is as to the right of the appellant to appeal from the decree of the Probate Court. *Lawless* v. *Reagan*, 128 Mass. 592. *Dexter* v. *Codman*, 148 Mass. 421.

Whether the facts stated in the motion were true or not was to be determined, in the first instance, by the single justice of this court, and as no evidence is set forth, we cannot disturb his decree on any question of fact. The record shows that the decree was entered after a full hearing. The only questions open are those of law.

The contention of the appellant is that as she has a decree and execution for alimony she is a judgment creditor of the ward ; and that she is therefore "a person who is aggrieved," within the meaning of these words in the R. L. c. 162, § 9.

It is obvious that if the appellant had no right to contest the settlement of the guardian's account, she is not a person aggrieved within the meaning of the statute ; and this brings us to a consideration of the question what her rights were in this respect. She had a decree of divorce, and an execution for alimony, but she had not brought suit against the guardian, nor had she attached the ward's estate, nor levied her execution.

We find nothing in the R. L. c. 152, §§ 29, 31, cited by the appellant, which favors her contention. These relate to the powers of the Superior Court to enforce decrees for alimony.

As was said by Mr. Justice Gray, in *Audubon* v. *Shufeldt*, 181 U. S. 575, 577, " Alimony does not arise from any business transaction, but from the relation of marriage. It is not founded on contract, express or implied, but on the natural and legal duty of the husband to support the wife. The general obligation to support is made specific by the decree of the court of appropriate jurisdiction. Generally speaking, alimony may be altered by that court at any time, as the circumstances of the

parties may require. The decree of a court of one State, indeed, for the present payment of a definite sum of money as alimony, is a record which is entitled to full faith and credit in another State, and may therefore be there enforced by suit. *Barber* v. *Barber*, 21 How. 582. *Lynde* v. *Lynde*, 181 U. S. 183. But its obligation in that respect does not affect its nature. In other respects, alimony cannot ordinarily be enforced by action at law, but only by application to the court which granted it, and subject to the discretion of that court. Permanent alimony is regarded rather as a portion of the husband's estate to which the wife is equitably entitled, than as strictly a debt; alimony from time to time may be regarded as a portion of his current income or earnings; and the considerations which affect either can be better weighed by the court having jurisdiction over the relation of husband and wife, than by a court of a different jurisdiction."

It was accordingly held in the case just cited that alimony, whether in arrear at the time of an adjudication in bankruptcy or accruing afterwards, was not a debt provable in bankruptcy, within the U. S. St. of July 1, 1898, c. 541. See also *In re Nowell*, 99 Fed. Rep. 931, 932.

So, in *Downs* v. *Flanders*, 150 Mass. 92, 94, it was said: "In libels for divorce, or petitions for separate maintenance, there is no final judgment which closes the proceeding as ordinary actions are terminated. The orders and decrees in reference to support, alimony, etc., remain open always to revision."

While a wife is not strictly a creditor, yet she may, on a libel for divorce for a cause occurring after marriage, attach the real and personal property of her husband to secure a suitable support and maintenance to her and such children as may be committed to her care and custody. R. L. c. 152, § 10. See *Burrows* v. *Purple*, 107 Mass. 428; *Downs* v. *Flanders*, 150 Mass. 92; *Place* v. *Washburn*, 163 Mass. 530.

So, it has been held that a conveyance of real estate by a husband after he has committed an act which entitles his wife to a decree for divorce, though before the libel is filed, is void, if made to prevent her from recovering such alimony as the court may decree to her. *Livermore* v. *Boutelle*, 11 Gray, 217. *Chase* v. *Chase*, 105 Mass. 385.

If we assume that a wife having obtained a decree of divorce from her husband, and having also obtained an execution for alimony is a creditor, it does not follow that she is entitled to be heard, if her husband is a minor, on the settlement of his guardian's account, or that she is a party aggrieved and entitled to appeal.

In *Smith* v. *Bradstreet,* 16 Pick. 264, it was held that a creditor of an heir at law of a testator was not a person aggrieved and could not appeal from a decree of the Probate Court allowing the will. It subsequently appearing that the creditor had an attachment on the land at the time of the decree, it was held that he could appeal. The distinction is here clearly drawn between a creditor having a lien and one without one.

In *Henry* v. *Estey,* 13 Gray 336, it was held that a creditor of the estate of a deceased person could not appeal from a decree of the Probate Court, refusing the petition of the administrator for leave to sell the real estate of the deceased for the payment of debts.

In *Boynton* v. *Dyer,* 18 Pick. 1, it was held that the heirs presumptive of a person *non compos,* might appeal from the decree of the Probate Court allowing the account of the guardian of the person *non compos;* and the guardian was ordered to alter his account. In a note to this case, it is stated that the guardian of the *non compos* had also been the guardian of the heirs, and that one of them, after coming of age, had certified the account of the guardian as to his estate to be correct, had made a settlement with the guardian, and had given him a receipt in full of all demands. It was held that the appeal of this heir must be dismissed. 18 Pick. 8.

The appellant places much reliance upon the case of *Pierce* v. *Gould,* 143 Mass. 234. In that case the appellant was entitled to a share of a reversion of a fund under a will, and sought to contest the account of the executor of the will, and was allowed to do so. But that case is very different from the present. Here a mere creditor of a ward seeks to contest the account between the guardian and the ward. She has made no attachment and has not levied her execution.

The appellant also relies upon a remark made by the court in the case of *In re Hause,* 32 Minn. 155. But this remark is purely

*óbiter*, and probably is based on local laws differing from our own.

We are of opinion, therefore, that on the facts of this case, the decree of the single justice of this court must be affirmed.

*So ordered.*

*J. B. Dixon*, for the appellant.

*J. T. Pugh*, for the appellee.