ELLA L. HILL *vs.* GEORGE H. HILL.

Worcester.    October 2, 1907. — November 26, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Marriage and Divorce.    Husband and Wife.    Trust.    Attachment.    Intervener.*
*Words,* "Creditor."

A woman, who, after a divorce, has obtained a decree against her former husband giving her the custody of their minor child with an order for the child's maintenance, and has obtained an order for a special precept directing the attachment of the land of her former husband to secure the payment of any sum awarded for such maintenance, after she has made the attachment and has obtained an order for the payment of a fixed annual sum for the support of the child, becomes an attaching creditor of her former husband, and under R. L. c. 147, § 3, has the rights of a purchaser for value, as of the date of the attachment, whose title cannot be defeated by any trust concerning the land of which she had no notice at that time.

Where a decree of divorce made no provision as to the custody and maintenance of a child of the marriage, the former wife under R. L. c. 152, §§ 25, 29, may apply to the Superior Court for a decree giving her such custody and maintenance and for the enforcement of such decree by the issuing of process of attachment and of execution.

Where a former wife, divorced by a decree which made no provision as to the custody and maintenance of a child of the marriage, has obtained under R. L. c. 152, §§ 25, 29, decrees giving her such custody and maintenance and the issuing of process of attachment upon land of her former husband to secure the payment of any sum awarded for such maintenance, and also has obtained an order for execution, and the land is sold upon such execution, if the decree for the maintenance of the child orders the payment of a certain sum of money annually in quarterly payments, and the proceeds of the sale of the land on execution are more than sufficient to pay the amount then due for such maintenance, the lien of the attachment, which in equity still attaches to the proceeds of the sale of the land, holds such surplus proceeds as against one claiming under an oral trust concerning the land of which the former wife had no notice when her attachment was made, so that the payments necessary for the maintenance of the child may be enforced by successive executions until the property attached has been exhausted.

Where a former wife, divorced by a decree which made no provision as to the custody and maintenance of a child of the marriage, under R. L. c. 152, §§ 25, 29, has obtained decrees giving her such custody and maintenance and the issuing of process of attachment and execution upon land of her former husband, whether, upon a further petition by her to enforce these decrees, a person, who claims the attached land under an alleged oral trust, even if he has a valid claim, can intervene by a petition in this proceeding instead of filing an independent bill in equity, *quaere.*

PETITION, filed in the Superior Court on September 24, 1906, by Ella L. Hill against her former husband George H. Hill, from whom she had been divorced on August 10, 1897, for the issuing of process to enforce a former decree, alleging:

First. That on the sixteenth day of June, 1906, the court decreed the custody of the petitioner's minor child, Agnes G. Hill, to one Truman R. Hawley, of Boston, the guardian of said child, until the further order of the court, and ordered and decreed that George H. Hill, the respondent, pay to the guardian, or his successor, for the maintenance and education of said minor during her minority, or until the further order of the court, the sum of $324 annually, in quarterly payments of $81 each, the first of the payments to be made on the first day of July, 1906; and awarded costs to the petitioner, to be taxed by the clerk as in actions at common law, for which execution was to issue.

Second. That on March 12, 1906, the court ordered a special precept to issue, upon which on the same day an attachment was made of the real estate of George H. Hill in the county of Worcester.

Third. That George H. Hill has not paid over to the guardian the sum of $81, which he was ordered to pay on the first day of July, 1906; that the clerk of the court has taxed the petitioner's costs to her, as of the sum of $75.11; that the petitioner has made demand for said sums upon the counsel of record of George H. Hill, the said George H. Hill being absent from the State, but that no part of the same has been paid; that by letter George H. Hill has been requested to pay, but has neglected to do so; and that no execution for costs has issued upon the decree.

Fourth. That if execution issue for the sale of the land for the costs as decreed and sale is made thereon, there will be no security for the payments as decreed for the use of the child, Agnes G. Hill.

Fifth. That your petitioner is informed and believes, and therefore alleges, that there is a mortgage on the said real estate of George H. Hill attached on special precept, held by the Worcester County Institution for Savings; and that the real estate, on sale thereof, will bring more than the mortgage and expenses due.

Wherefore, the petitioner moves for an order or decree directing the sale at public auction of the right, title and interest in the said real estate, which George H. Hill had on March 12, 1906, when the same was attached as aforesaid on mesne process, and which he now has; the said real estate being more particularly described in a deed dated April 15, 1904, from Sarah A. Hill to George H. Hill, recorded . . . and also in a mortgage deed, dated February 14, 1898, from Sarah A. Hill to the Worcester County Institution for Savings, recorded . . .

That a supplementary decree be passed by the court ordering such sale to be made, and that process issue therefor to the sheriff of said county of Worcester or his deputies to make said. sale as upon an execution in an action at common law, and pay over the net proceeds of said sale to Truman R. Hawley, of Boston, as guardian, the sum received by him from said sale to be expended by. him for the use of Agnes G. Hill, in the amounts and at the times mentioned by the original decree, together with the costs awarded by the decree to the petitioner; together with such further order or decree as to the court may seem proper.

Or for an order directing said sale to be made, at public auction, by a receiver or trustee to be appointed by the court; that said receiver or trustee, after sale is made, be ordered out of the proceeds of sale to pay to your petitioner the costs, $75.11, as before decreed; and from the net proceeds to pay to Truman R. Hawley, of Boston, the guardian of Agnes G. Hill, or his successor, the sum of $324 annually, in quarterly payments of $81 each, during the minority of Agnes G. Hill, or until the further order of the court; the first payment of $81 to be made as soon as possible after the sale, and the next payment on the first day of October, 1906, and the payments thereafter on the first day of each quarter; and if more is realized on the said sale than will insure the said payments till the child is twenty-one years old, to be disposed of as the court may deem proper.

On October 10, 1906, the Superior Court made a decree upon the foregoing petition ordering that process issue to the sheriff of the county of Worcester or his deputies to sell at public auction, as upon an execution at common law for $237.11, all the

right, title and interest of George H. Hill, which the said George H. Hill had on March 12, 1906, when the same was attached on mesne process, and which he now has, in certain real estate in Worcester, in said county, more particularly described in a deed, dated April 15, 1904, from Sarah A. Hill to George H. Hill, recorded . . . ; and also in a mortgage deed, dated February 14, 1898, from Sarah A. Hill to the Worcester County Institution for Savings, recorded . . . ; and upon making said sale, to pay the proceeds thereof, after deducting his charges and expenses therefor, into court, there to await the further order of this court.

On October 15, 1906, the execution issued as directed.

On February 27, 1907, Ella L. Hill filed a supplementary petition, alleging in addition to the allegations of the foregoing petition as follows:

Sixth. That process was issued in accordance with the decree, and thereupon James Hunt, deputy sheriff of Worcester County, on January 9, 1907, sold the right, title and interest of the said George H. Hill for $1,000 to George T. Dewey, of Worcester, and, after deducting his expenses, paid $964.46 into the court.

Seventh. That said sum of $964.46 is less than one half of what the respondent should pay to comply with the order of the court; that the respondent now lives in Detroit, Michigan; that the petitioner is without means; and that the child Agnes G. Hill requires said money for her maintenance and education.

Wherefore, the petitioner prays for the further order or decree of the court that from this sum of $964.46 there be paid to her the costs as aforesaid taxed at $75.11, and that the balance be paid to Truman R. Hawley, guardian of Agnes G. Hill, to be expended by him for her maintenance and education.

Or that from said proceeds, after paying said $75.11 costs to the petitioner, there be paid to the guardian, Truman R. Hawley, an amount equal to the sums now due from the respondent by virtue of the decree of the court entered June 16, 1906, to wit, the sum of $243, and that the rest of the proceeds continue to be held by the clerk of this court and be paid to Truman R. Hawley, the guardian, at the times and in the amounts specified in the decree of June 16, 1906; and for such other and further relief as the court may deem proper.

On March 14, 1907, Sarah A. Hill filed, as amended, the following intervening petition, alleging:

First. That on or about the fifteenth day of April, 1904, the intervening petitioner made an agreement with her son, George H. Hill, whereby the said George H. Hill was to sell for the benefit of the intervening petitioner the real estate and the buildings thereon situated on Woodland Street and numbered 68, in the city of Worcester, as the agent for the intervening petitioner, and to render the proceeds of such sale to the intervening petitioner.

Second. That the intervening petitioner at the request of her son, the said George H. Hill, and in consideration that he would pay the proceeds derived from the sale of the following property to the intervening petitioner, conveyed the premises at 68 Woodland Street, in the city of Worcester, more fully described in a deed recorded in . . . , to the said George H. Hill, in order that the said Hill might the more conveniently sell the said property.

Third. That although the deed given to the said George H. Hill recites the consideration of "one dollar and other valuable considerations," there was not in fact such consideration given and the only consideration given for such deed was as above stated.

Fourth. That while the said real estate was thus standing in the name of said George H. Hill, to wit, on March 12, 1906, an attachment was levied and later, to wit, on October 8, 1906, a decree was entered, ordering that process issue to the sheriff of the county of Worcester, or his deputies, to sell at public auction as upon an execution at common law the right, title and interest of the said George H. Hill in the aforesaid property.

Fifth. That the court further ordered that upon the sale of the property upon execution as aforesaid the proceeds thereof be paid into court for future disposition, as the rights of the parties might be made to appear.

Sixth. That at the sale on January 9, 1907, made under and in accordance with said orders of court, the property was sold, by agreement of counsel and to protect the interests of all parties, for $1,000 to George T. Dewey, as attorney for the intervening petitioner.

Seventh. That on or about the fifteenth day of April, 1904,

the intervening petitioner conveyed other real estate to the said George H. Hill, to wit, on Hawthorn Street, in the city of Worcester, more fully described in a deed recorded . . . and for the same consideration as stated in paragraph one, viz. : that the said Hill would hold the said realty for the benefit of the intervening petitioner and when he sold the same to render the proceeds of said sale to the petitioner. That the said George H. Hill on or about the twenty-third day of October, 1905, sold the above described realty to James A. McDermott, of Worcester, for the sum of $3,500, in excess of a mortgage held by the Worcester County Institution for Savings, for $5,500, which mortgage was assumed by the said McDermott; that the said George H. Hill has not made an accounting nor paid over to the intervening petitioner this sum of $3,500, nor any part thereof, and the said George H. Hill owes the intervening petitioner the said sum of $3,500.

Wherefore the intervening petitioner prays that the court order or decree that the sum of $964.46 now held by the court as the proceeds of the sale of the aforesaid real estate be paid over to the petitioner.

And the intervening petitioner further prays that if the court should find that the interest of an innocent attaching creditor, who, relying on the fact that the title to the said real estate was standing in the name of George H. Hill, gave credit to the said George H. Hill, has intervened between the rights of your petitioner and the said George H. Hill, that the balance of the said sum of $964.46 after deducting therefrom the amount due on judgment to the said innocent attaching creditor, be ordered or decreed to be paid over to the intervening petitioner.

The first petitioner, Ella L. Hill, demurred to the intervening petition of Sarah A. Hill and as grounds of demurrer assigned the following :

First. That the allegations of the petition, if true, are insufficient to entitle the said Sarah A. Hill to the order or decree prayed for.

Second. That the petition of said Sarah A. Hill contains no allegations to take her claim stated therein out of the provisions of R. L. c. 147, § 3.

Third. That the petition of said Sarah A. Hill does not charge the petitioner, Ella L. Hill, with notice of the agreement set forth therein between the said Sarah A. Hill and respondent George H. Hill.

Fourth. That the petition of said Sarah A. Hill alleges immaterial matter relative to real estate other than that in issue in the case at bar.

Fifth. That no trust is alleged between the said George H. Hill and Sarah A. Hill or any notice thereof to the petitioner, Ella L. Hill, when the attachment was made, mentioned in the fourth clause of the petition of the said Sarah A. Hill.

In the Superior Court the case was argued upon the petitions and the demurrer before *Stevens, J.,* who made a decree as follows:

First. That the demurrer of Ella L. Hill to the petition of Sarah A. Hill is sustained; and

Second. That the clerk of this court is ordered to pay over to Truman R. Hawley, guardian of Agnes G. Hill, the sum of $324 out of the funds in his hands heretofore paid into this court in said cause; and

Third. That the clerk of this court pay to the petitioner, Ella L. Hill, the further sum of $75.11 taxed costs; and

Fourth. That the balance of the said funds in his hands be retained by the clerk to await the further order of the court.

The intervening petitioner, Sarah A. Hill, appealed.

*G. T. Dewey,* (*C. H. Derby* with him,) for Sarah A. Hill.

*T. R. Hawley,* (*T. A. McAvoy* with him,) for the appellee.

BRALEY, J. In the original decree of divorce which had become absolute, no order for the custody and maintenance of Agnes G. Hill, a minor, and the only child born of the marriage, having been made, the former wife, and libellee, brought a petition in which George H. Hill, her former husband, was made respondent, praying for the custody of their daughter, with an order for her maintenance, and that a special precept might issue directing the attachment of his property to secure the payment of any sum which might be awarded. By a decree upon this petition the child was placed in the custody of her guardian, with an order for an annual fixed sum for her support, payable quarterly, and, the prayer for process having been

granted, an attachment was made of his real estate. The payments not having been made, a second petition was brought asking that a sale of the attached property might be ordered to satisfy the arrears. This petition also was granted, and under the decree a sale took place with the payment of the net proceeds into court to await its further order. A period of some four months elapsed when the third and final petition was brought, which after reciting the previous petitions and decrees, alleged that no payments having been made, a large amount had accrued which should be satisfied out of the fund. Before a decree was entered on the last petition, Sarah A. Hill, the mother of the respondent, apparently was allowed to intervene, and having been made a party claimed the proceeds under the terms of a parol trust concerning the land, alleged to have existed between her and the respondent at the date of the attachment.

While the allegations of this petition are admitted by the demurrer, no evidence is recited upon which the decree on the third petition was based. But it is to be inferred from the further recitals, that, after sustaining the demurrer, the court found all the substantial averments proved. By the terms of the decree Ella L. Hill was given costs, while the guardian was awarded the arrears due, with a further direction that the balance remaining of the fund after deducting these amounts should be retained to await the further order of the court. If the attachment had not been made, upon his repudiation of the trust which was unenforceable specifically by reason of R. L, c. 74, § 1, cl. 4, the appellant could have recovered from her son the value of the estate conveyed. *O'Grady* v. *O'Grady,* 162 Mass. 290, 293. *Cromwell* v. *Norton,* 193 Mass. 291. If the law were held to be otherwise the statute of frauds would become the effective shield of fraud. *Twomey* v. *Crowley,* 137 Mass. 184, 185. But Ella L. Hill having had no notice of the trust when the property was attached, under the provisions of R. L. c. 147, § 3, she is to be deemed a purchaser for value unless the argument of the intervener prevails, that she cannot be considered a creditor within the meaning of the statute. By R. L. c. 152, §§ 29 and 31, the Superior Court is given authority to issue process of attachment and execution in proceedings for

divorce, and may enforce its decrees for an allowance for alimony, or for maintenance of the minor children of the parties "in the same manner as it may enforce decrees in equity." When an attachment is ordered it not only is to be made in the same manner as in actions at law, but the laws governing such attachments are expressly declared to be applicable. R. L. c. 152, §§ 11, 12. The legislative and judicial tendency has been uniform, to assimilate the forms of process, whether intermediate or final, whereby the remedial functions of our courts of general jurisdiction are exercised. R. L. c. 152, §§ 10, 11, 12; c. 153, §§ 33, 35; c. 159, §§ 8, 9; c. 162, § 14; c. 167, § 80. St. 1907, c. 453. *Chase* v. *Chase*, 105 Mass. 385, 388. *Slade* v. *Slade*, 106 Mass. 499. *Burrows* v. *Purple*, 107 Mass. 428. *McCann* v. *Randall*, 147 Mass. 81. *Downs* v. *Flanders*, 150 Mass. 92. *Place* v. *Washburn*, 163 Mass. 530. *Light* v. *Jacobs*, 183 Mass. 206. *McCarthy* v. *Street Commissioners*, 188 Mass. 338, 340. In the commercial and ordinary sense the designation of " creditor," means one to whom a debt is due from another person, but in a more comprehensive sense, and as used in our statutes governing procedure and relief, the term includes those who have acquired a lien, either by a legal or equitable attachment, or by seizure and levy on execution. *Sewall* v. *Sewall*, 130 Mass. 201. *Bailey* v. *Bailey*, 166 Mass. 226. *Purdon* v. *Blinn*, 192 Mass. 387, 389. *Snyder* v. *Smith*, 185 Mass. 58, 61, and cases cited. *Gay* v. *Ray*, 195 Mass. 8. While in *Leyland* v. *Leyland*, 186 Mass. 420, the question whether a decree of divorce, with an order and execution for alimony, where no attachment had been made nor execution levied, constituted the divorced wife a creditor of her former husband although discussed, was not decided. Yet in *Purdon* v. *Blinn*, 192 Mass. 387, it was held that a decree for alimony in gross was a provable debt against an absentee within the meaning of R. L. c. 144, § 9, permitting his property to be marshalled for the benefit of creditors. In harmony with this general doctrine, if an attachment of the husband's property previously has been granted, a decree obtained in divorce proceedings by the wife, either for costs or alimony or for the support of minor children committed to her care or to the custody of a stranger, places her in the position of an attaching creditor who is a purchaser for value as of the date of the attachment.

R. L. c. 152, §§ 10, 25. *Burrows* v. *Purple, ubi supra.* R. L.
c. 147, § 3. *Connihan* v. *Thompson,* 111 Mass. 270, 271.
*Woodward* v. *Sartwell,* 129 Mass. 210. *Colburn* v. *Jewell,*
130 Mass. 182. *Attorney General* v. *Massachusetts Benefit As-
sociation,* 173 Mass. 378. The original decree being silent as to
the custody and maintenance of Agnes G. Hill, it was open to
the former wife to ask for both, and upon her petition the court
was clothed with authority to issue process, and to proceed to
a decree or decrees, as upon a libel for divorce filed by her.
R. L. c. 152, §§ 25, 29. Upon the sale on execution, although
the land was converted into money, by force of the attachment
in equity the lien attached to the proceeds and had priority
over any pecuniary claim of Sarah A. Hill. *Wiggin* v. *Heywood,*
118 Mass. 514. *Knowles* v. *Sullivan,* 182 Mass. 318. See
*Worcester* v. *Boston,* 179 Mass. 41, 50. But, if the amount.
which had accrued for the support of the daughter with the
costs of suit was properly allowed, the intervener further con-
tends that the lien then was dissolved, and that the balance of
the fund should have been paid to her. The object of the
attachment was to secure the payment of any allowance decreed
to the daughter, or to the former wife, and the court retained
jurisdiction upon the petition of either party to the divorce to
revise, alter or enforce its original decree, or upon her separate
petition thereafter to decree alimony, and an allowance for the
maintenance of their child. R. L. c. 152, §§ 25, 30, 32.
*Southworth* v. *Treadwell,* 168 Mass. 511. See *Brigham* v.
*Brigham,* 147 Mass. 159, 160. After a failure by the former
husband to comply with the original or later decrees, the cor-
relative right remained, to enforce payment by the levy of suc-
cessive executions upon the property attached until it had been
entirely exhausted. *Sewall* v. *Sewall,* 130 Mass. 201, 204.
*Downs* v. *Flanders,* 150 Mass. 92. At the time the intervening
petition was filed, these various statutory rights had become
vested in the former wife as incidental to the divorce proceed-
ings, and no excess of jurisdiction having been shown the
demurrer was rightly sustained and the intervening petition
rightly denied.

We have decided the case as presented by the parties, who
have made no reference to the anomalous character of the par-

ticipation of a stranger in the principal suit.   It is, however, a matter of serious consideration whether either a wife or children who may be in necessitous circumstances should have their primary right to prompt relief postponed to enable an intervener, who has an ample remedy by an independent suit, to litigate an alleged title to property which has been lawfully sequestrated for their benefit.   *Sewall* v. *Sewall, ubi supra.   Downs* v. *Flanders, ubi supra.*   Upon this question we express no opinion.  See *Tuck* v. *Manning,* 150 Mass. 211, and *Williston Seminary* v. *Easthampton Spinning Co.* 186 Mass. 484.   Compare *Adamian* v. *Hassanoff,* 189 Mass. 194, 196.

*Decree affirmed.*