Mary C. Mooney *vs.* John Mooney.

Hampden.   September 24, 1912. — November 26, 1912.

Present: Rugg, C. J., Morton, Hammond, Braley, & DeCourcy, JJ.

*Practice, Civil,* Appeal.   *Marriage and Divorce.*

Upon a petition for the enforcement of decrees for alimony in a suit for divorce in which certain savings banks summoned by trustee process had been charged as trustees, a petition of an adverse claimant was filed alleging that the libellee had been adjudged a spendthrift and that the claimant had been appointed his guardian and claiming as such guardian the money of the libellee in the hands of the trustees. The answers of the trustees alleged that they had had notice of the appointment of the claimant as guardian and of his claim before the service upon them of the trustee process. On evidence, which was not before this court, a judge of the Superior Court made a decree that the claimant was entitled to the funds in the hands of the trustees. On an appeal by the libellant, it was *held,* that this court could not say that the decree was not justified by the evidence not before them, and that it was not necessary to decide whether in such a proceeding the rights of an intervenor ought to be considered, because it did not appear that any objection on this ground had been made in the court below.

Petition, filed in the Superior Court on July 13, 1910, for the enforcement of decrees for alimony in a suit for divorce, in which the Berkshire County Savings Bank and the City Savings Bank, both in Pittsfield, had been summoned by trustee process and had been charged as trustees. On July 29, 1910, a petition was filed by Mary E. O'Brien as adverse claimant, alleging that the libellee had been adjudged a spendthrift and that she had been appointed his guardian, and claiming as such guardian the money of the libellee in the hands of the trustees. The answers of the trustees alleged that they had had notice of the appointment of the claimant as guardian and of her claim before the service upon

them of the libellant's attachment by trustee process. On June 6, 1911, *Hitchcock,* J., made a decree that Mary E. O'Brien as guardian was entitled to the funds in the hands of the trustees as disclosed by their answers, that the trustees be discharged and that no costs be allowed to any of the parties. The libellant appealed.

In this court the claimant and the trustees filed a motion to dismiss the appeal, contending that the libellant had lost her right to appeal by a failure to prosecute a previous appeal from a similar decree alleged to have been made by the Superior Court on December 29, 1910.

*H. A. Buzzell,* for the libellant.

*P. J. Moore,* for the claimant and the trustees.

HAMMOND, J. This is an appeal from a decree of the Superior Court. The decree, after reciting that the cause came on to be heard upon the question of the claim of the adverse claimant to funds in the hands of the trustees, orders and adjudges that the claimant is entitled to the funds in the hands of the trustees, that the trustees be discharged, and that no costs be allowed to either party. The appeal is properly here, and the motion of the appellee that it be dismissed is disallowed.

The evidence upon which the findings were made and which justifies the decree is not before us. It is true that the record shows the answers of the trustees, but there is nothing in the previous proceedings nor in the answers which is conclusively inconsistent with the decree. See *Downs* v. *Flanders,* 150 Mass. 92, and cases cited. The evidence not being all before us we cannot say as matter of law that the decree is not justified by it.

The appellant contends that the rights of an intervenor ought not to be considered in such a proceeding. See *Hill* v. *Hill,* 196 Mass. 509, *ad finem.* It does not appear, however, that any such objection was made below, and the appellant having gone to trial without raising the question there cannot for the first time raise it here.

*Decree affirmed.*