FREDA MALOOF *vs.* JOHN ABDALLAH.

Suffolk.    March 6, 1914.—May 22, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Bond,* To dissolve attachment in proceedings by wife for separate support. *Husband and Wife.    Marriage and Divorce.    Damages.    Interest.*

A bond given to dissolve an attachment in a proceeding in the Probate Court on the petition of a wife for separate support under R. L. c. 153, § 33, in which there can be no final judgment for the petitioner, which is conditioned for the payment of whatever final judgment shall be entered, must be construed according to its subject matter to cover the recovery of whatever sums have been ordered to be paid upon the petition.

Under R. L. c. 152, § 35, a divorce obtained by an inhabitant of this Commonwealth in another State, into which he went for the purpose, "for a cause which occurred, if at all, in this Commonwealth while the parties resided here," can have no force or effect in this Commonwealth, and consequently has no effect to end the liability of a husband thus obtaining such a divorce for the separate support of his wife ordered by the Probate Court under R. L. c. 153, § 33.

In fixing the amount for which execution should issue on a judgment for the penal amount of a bond to dissolve an attachment given in proceedings upon the petition of a wife for separate support, the state of affairs at the time of the hearing must be considered.    In such a case the husband, as principal on the bond, is liable for the full amount of the sums ordered to be paid by him, less what he has paid already and not exceeding the penalty of the bond with interest, and a surety is liable for the same amount.

In an action on a bond, where a breach of the bond before the bringing of the action has been shown and the amount to which the plaintiff is entitled exceeds the penalty of the bond, execution should be ordered to issue for the amount of the penalty of the bond with interest from the date of the writ.

CONTRACT against one of the sureties on a bond given by the husband of the plaintiff in proceedings in the Probate Court for the County of Suffolk upon a petition of the plaintiff under R. L. c. 153, § 33, for separate support. Writ in the Municipal Court of the City of Boston dated March 24, 1911.

On appeal to the Superior Court the case was tried before *Aiken,* C. J., who found that judgment should be entered for the plaintiff in the penal sum of the bond, to wit, $1,000, with interest from the date of the writ, and further determined that the sum due and payable in equity and good conscience exceeded the judgment to be entered, and therefore awarded execution for the full amount of such judgment and interest thereon from the date of the writ.

At the request of the parties the Chief Justice reported the case for determination by this court upon the pleadings and his findings of fact, which included the facts stated in the opinion.

*C. F. Smith,* for the defendant, submitted a brief.

*A. A. Schaefer,* for the plaintiff.

SHELDON, J. It hardly is denied that this is a valid bond. It was given to dissolve an attachment made upon a petition filed in the Probate Court by the plaintiff, under R. L. c. 153, § 33. It was conditioned for the payment of whatever final judgment should be entered in that action, — which of course must mean whatever sums her husband, the respondent in that petition, should be ordered by the court to pay her for her support. Such an order was made by that court, and was not appealed from by either party. The order remained in full force and effect, except so far as it was modified by a later decree of the Probate Court. Under the statute already referred to we cannot doubt that the defendant is liable upon his bond to pay the amounts due thereunder which have remained unpaid, unless that liability has been in some way discharged. It is true that upon such a petition by a wife against her husband to obtain an order for her separate support no final judgment can be entered in her favor such as that by which ordinary civil actions are terminated. But the bond given to dissolve an attachment made in such a proceeding must be construed according to its subject matter, to support an action for the recovery of whatever sums have been ordered to be paid upon the petition. *Downs* v.

*Flanders,* 150 Mass. 92. This was the reasoning of the court in *Place* v. *Washburn,* 163 Mass. 530, and *Hill* v. *Hill,* 196 Mass. 509. And see *McIlroy* v. *McIlroy,* 208 Mass. 458. There is nothing inconsistent with this in any of the cases relied on by the defendant.

The defendant contends however that his liability has been ended by the divorce granted to the husband in Nevada. But as to that it is sufficient to say that the judge at the trial found as a fact that the husband, "while an inhabitant of this Commonwealth, went into Nevada for a divorce for a cause which occurred, if at all, in this Commonwealth while the parties resided here." That finding was well warranted, if indeed it was not required by the evidence; and upon that finding the decree of divorce has and can have no force or effect in this Commonwealth, R. L. c. 152, § 35. Whether the decree was void for lack of jurisdiction in the Nevada court, we need not consider. It did not affect the liability upon this bond.

In determining the amount for which execution should issue, the state of affairs at the time of the hearing must be considered. *Brookfield* v. *Reed,* 152 Mass. 568, 575. Nor can the amount to be paid to the plaintiff be diminished by deducting from the penalty of the bond the amounts which were paid by her husband, the principal in the bond. The condition of the bond, which measures the extent of the defendant's liability, was not to pay $1,000 less whatever amount the principal should pay, but to satisfy whatever final judgment should be entered. He is liable for the full amount of such judgment, less what has been paid by the principal, and not exceeding the penalty of the bond with interest. That was his agreement.

As there was a breach of the bond before the action was brought, and as the amount to which the plaintiff was entitled at the trial exceeded the penalty of the bond, interest on the latter sum rightly was added. See the cases collected in *Harmon* v. *Weston,* 215 Mass. 242, 250.

Upon the terms of the report, judgment must be entered for the plaintiff for the penal sum named in the bond, being the sum of $1,000, with interest from the date of the writ, and execution must be awarded to her for the same amount.

*So ordered.*