MICHAEL J. MURRAY, administrator with the will annexed, *vs.* NICHOLA FIORENTINI.

Middlesex. October 18, 1917. — November 27, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & CARROLL, JJ.

*Probate Court*, Appeal, License to sell real estate. *Insolvent Estates.*

On an appeal from a decree of the Probate Court in which the objections to the decree appealed from were the same as those stated in *Murray* v. *Cangiano, ante,* 435, and where there was no report of the evidence, it was *held* that there was nothing to support any of the objections stated.

On an appeal from a decree of the Probate Court, where the question was not open under the objections filed, it was *said* that it was unnecessary to consider whether the appealing party was a creditor of a certain deceased person and, if he was, whether such a creditor, after the estate of the deceased person had been repre-

sented insolvent, was a person aggrieved within the meaning of R. L. c. 162, § 9, by a decree of the Probate Court granting a license to sell real estate of the deceased for the payment of debts.

PETITION, filed in the Probate Court for the county of Middlesex on October 20, 1916, by Michael J. Murray, administrator with the will annexed of the estate of Lucido Capozzoli, late of Medford, for leave to sell for the payment of debts and charges of administration certain real estate standing in the name of one Michael Cangiano, having been conveyed to him fraudulently by the plaintiff's testator while the testator was insolvent and was known to Cangiano to be insolvent.

The Probate Court made a decree authorizing the petitioner to sell at public auction the whole of the parcel of real estate in question.

Nichola Fiorentini of Boston filed an appeal from the decree, alleging that he was a creditor of Lucido Capozzoli, late of Medford, and interested in his estate. He filed his objections to the decree, which were identically the same as those filed by Michael Cangiano in the case of *Murray* v. *Cangiano*, which are printed, *ante*, on pages 435, 436.

The petitioner filed a motion to dismiss the appeal. The case was heard by *Pierce*, J., who made a final decree that the appeal be dismissed. Nichola Fiorentini appealed from the final decree.

The case was submitted on briefs.

*J. E. Crowley*, for the respondent.

*F. M. Carroll & G. E. Richardson*, for the petitioner.

CARROLL, J. The statement of objections to the decree of the Probate Court is the same as that filed in the case of *Murray* v. *Cangiano*, *ante*, 435. There is no report of the evidence, and for the reasons stated in that case the decree must be affirmed.

It therefore becomes unnecessary to consider whether there was evidence tending to show that the appealing party was a creditor of the deceased, and, if he was, whether such creditor, after the estate has been represented insolvent, is a person aggrieved by a decree of the Probate Court granting a license to sell real estate to pay debts and entitled to appeal therefrom to the Supreme Judicial Court, R. L. c. 162, § 9, as to which see *Henry* v. *Estey*, 13 Gray, 336; *Leyland* v. *Leyland*, 186 Mass. 420.

*Decree affirmed.*